## PAUL BRITT, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

### 455 S.W.2d 625.

Court of Criminal Appeals of Tennessee. Nov. 4, 1969.

Certiorari Denied by Supreme Court June 15, 1970.

George H. Garrett, Kingsport, for plaintiff in error.

George F. McCanless, Atty. Gen., Arnold Peebles, Jr., Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., Blountville, Edgar P. Calhoun, Asst. Dist. Atty. Gen., Kingsport, for defendant in error.

## OPINION

RUSSELL, Judge.

The Plaintiff in Error was tried a second time upon ten

indictments, each charging him with offering to pass or passing forged checks of a value in excess of one hundred dollars ($100.00); and his maximum punishment set by the jury at ten (10) years in one case, and five (5) years in the other nine. He had been previously tried and found guilty and sentenced to a maximum of three (3) years in each case, but obtained reversals and new trials. The trial judge ran five of the original three year sentences consecutively, and five concurrently with one another and with the first consecutive sentence, making an original effective punishment of not less nor more than fifteen (15) years. After the second trial, the trial judge ran the one three (3) to ten (10) and four three (3) to five (5) year sentences consecutively, and the other five three (3) to five (5) year sentences concurrently with one another and with the three (3) to ten (10); making an effective sentence to be served of not less than fifteen (15) nor more than thirty (30) years.

A careful reading of the record demonstrates to our complete satisfaction that the evidence does not preponderate against the guilt of the accused, leaving for our determination the sole question of whether or not he can constitutionally receive a greater punishment upon re-trial than was set by the jury upon his original trial. Under the facts and circumstances of this case we think that he can.

This question was squarely faced by our Supreme Court in the case of Murphy v. State, 221 Tenn. 351, 426 S.W.2d 509, decided March 29, 1968. Murphy received a twenty (20) year sentence upon his original trial and a fifty (50) year sentence upon retrial. This was held not to be a violation of due process under the

14th Amendment to the Federal Constitution; the court saying that if a defendant seeks a new trial he must be prepared to face a new court and a new jury without limitations being placed on their decision.

This question was recently dealt with by the U.S. Supreme Court in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, as applied to a judge and his imposition upon reconviction of a longer prison sentence than the defendant originally received. That court said, in part:

> "* * * it has been settled that a corollary of the power to retry a defendant is the power, upon the defendant's reconviction, to impose whatever sentence may be legally authorized, whether or not it is greater than the sentence imposed after the first conviction. * * *

> "* * * A new trial may result in an acquittal. But if it does result in a conviction, we cannot say that the constitutional guarantee against double jeopardy of its own weight restricts the imposition of an otherwise lawful single punishment for the offense in question.

> \* \* \* \* \* \*

> "We hold, therefore, that neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction. A trial judge is not constitutionally precluded, in other words, from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral pro-

pensities.' Williams v. New York, 337 U.S. 241, 245, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337. Such information may come to the judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record, or possibly from other sources. * * *

"* * * There remains for consideration the impact of the Due Process Clause of the Fourteenth Amendment.

"It can hardly be doubted that it would be a flagrant violation of the Fourteenth Amendment for a state trial court to follow an announced practice of imposing a heavier sentence upon every reconvicted defendant for the explicit purpose of punishing the defendant for his having succeeded in getting his original conviction set aside. * * *

"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective

information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

In these cases, under our practice in Tennessee, the jury, and not the trial judge, sets the maximum punishment, and the statutory law sets the minimum. In this instance, the jury presumably did not know of the prior convictions or the prior sentences. The verdicts as to guilt and punishment were based upon the evidence presented and the jury's judgment thereon, unpolluted by any vindictiveness or motive to suppress appeals.

The trial court did act under T.C.A. Sec. 40-2711, independently of the jury, in determining whether the sentences were to run consecutively or concurrently. He followed exactly the same formula both times, and his expressed reasons are valid and proper exercises of his judgment. We expressly approve the exercise of his discretion in this respect.

The practical effect of the jury's verdicts as to punishment, viewed after the court's action in running the last five of the sentences concurrently with the first one, is simply to increase the possible maximum punishment from fifteen (15) to thirty (30) years, the minimum being fifteen (15) years in each instance.

We find no error. The judgment of the trial court is affirmed.

OLIVER and DWYER, JJ., concur.