**Paul BRITT, Petitioner,**

**v.**

**Lewis TOLLETT, etc., et al., Respondents.**

**Civ. A. No. 2510.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 25, 1970.

Paul Britt, pro se.

David Pack, Atty. Gen., State of Tennessee, Nashville, Tenn., for respondents.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This Court abstained from a consideration of the federal constitutional issue, in violation of which the petitioner claims he is incarcerated by the respondent, and dismissed his application for the federal writ of habeas corpus, subject to its revival, should Tennessee courts reflect

an unwillingness to accord the petitioner his rights in an expeditious manner. The gravaman of such abstention and denial was that Tennessee courts had not then been accorded the opportunity to rule upon Mr. Britt's claim in the light of North Carolina v. Pearce (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. Memorandum opinion and order of April 13, 1970.

On May 7, 1970, the petitioner asked for a revival and consideration of this issue, showing clearly by the brief of the state of Tennessee that the Court of Criminal Appeals of Tennessee considered *Pearce, supra,* in rejecting his claim. It was the state's insistence that there can be no showing of vindictiveness in the imposition of a second sentence greater than the first, on a retrial, where the respective maximum terms of imprisonment are fixed by a jury.

██ Neither the double jeopardy or the equal protection clauses of the federal Constitution imposes an absolute bar to a more severe sentence on a reconviction. *Ibid.,* 395 U.S. at 723, 89 S.Ct. 2079, 23 L.Ed.2d at 688 [13]. It is the due process provision of the federal Constitution which requires that a criminal defendant be freed of apprehension of retaliatory motivation of the sentencing judge, in appending his first conviction, and which prevents retaliation's playing any part in the sentence he receives after a second trial. *Ibid.,* 395 U.S. at 725, 89 S.Ct. 2080, 23 L.Ed.2d at 669 [18].

██ The respective juries fixed the maximum terms imposed against the petitioner on his first and second trials. T.C.A. §§ 40-2707, 39-1721, 39-4202. The maximum sentence imposed after the petitioner's reconviction on July 11, 1968 exceeded that imposed after his initial conviction on October 2, 1967. " * * * Under the Indeterminate Sentence Statute of this State it is the duty of the jury to fix the maximum sentence of convicted felons. * * * The trial judge [does] not have the right to exercise this function of the jury. His only right was to fix the minimum sentence as prescribed by statute, the jury fixing the maximum sentence. * * * " Gang v. State (1950), 191 Tenn. 468, 234 S.W.2d 997, 1000 [5]. Thus, the considerations found to require the result in *Pearce, supra,* are not shown to have been present herein.* Spidle v. State (Mo., 1969), 446 S.W.2d 793, 795 [2]; see also dictum in Brooks v. Commonwealth (Ky., 1969), 447 S.W.2d 614, 616–617 [1].

The petitioner's motion to revive this proceeding and restore it to the docket, hereby is

Denied.

---

* This is not to say that in no case could a criminal defendant not show that retaliation played a part in the more severe sentence it imposed on his reconviction.