**Paul BRITT, Petitioner,**

v.

**Lewis S. TOLLETT, Warden, State of Tennessee, Respondent.**

**Civ. A. No. 2632.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 17, 1971.

David Pack, Atty. Gen., State of Tenn., Jackson Rose, Asst. Atty. Gen., Nashville, Tenn., for respondent.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a *pro se* application for the federal writ of habeas corpus by Mr. Paul Britt, who is in the custody of the respondent, or his successor, pursuant to the judgment of the Criminal Court of Sullivan County, Tennessee, on the ground that he is in custody in violation of the Constitution, Fifth Amendment, proscribing the deprivation of his liberty without due process of law. 28 U.S. C. § 2254(a). The specific complaint of Mr. Britt is that, in the imposition of sentences for the same offenses after his reconviction on a retrial, following the setting aside of his first convictions, the trial judge aggregated the second sentences so as to impose more severe net punishment without reasons therefor affirmatively appearing.

Upon his first trial on October 2, 1967, Mr. Britt was found guilty under ten indictments, each charging him with offering to pass, or passing, forged checks of a value in excess of $100, by a jury which imposed a maximum sentence of three years on each case. In his discretion, the state trial judge entered judgment providing that five of such terms of imprisonment should run consecutively and five thereof should run concurrently, resulting in an effective judgment of not less, and not more, than 15 years. This judgment of conviction was reversed on an appeal by Mr. Britt, and a new trial was ordered. On the retrial on July 11, 1968 Mr. Britt was again found guilty under the same ten indictments by a jury, which imposed a maximum sentence of 10 years in one case and of five years in the nine other cases. In his discretion, the state trial judge entered judgment providing that one such sentence of three years to 10 years and four such sentences of three to five years should run consecutively, and that five sentences of three to five years should run concurrently with one

another and with the sentence of three to 10 years, resulting in an effective judgment of not less than 15, nor more than 30, years. The Court of Criminal Appeals of Tennessee expressly approved the action of the trial judge in exercising in this manner his discretion on the resentencing. Britt v. State (Cr.App. Tenn., 1970), 455 S.W.2d 625, 627, certiorari denied, Tenn.S.Ct. June 15, 1970; certiorari denied, 402 U.S. 946, 91 S.Ct. 1631, 29 L.Ed.2d 114, 1971.[1] Thus, the applicant exhausted his state remedies as to this issue. 28 U.S.C. § 2254(b), (c).

As has been stated for the Supreme Court:

> * * * [W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for doing so must affirmatively appear. Those reasons must be based upon objective findings concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal. * * *

North Carolina v. Pearce (1969), 395 U.S. 711, 726, 89 S.Ct. 2072, 23 L.Ed.2d 656, 670 [19]. This Court was of the original view that, as respective juries had fixed the maximum terms imposed against Mr. Britt on his first and second trials, *Pearce, supra*, was inapposite. Britt v. Tollett, D.C.Tenn. (1970), 315 F.Supp. 401, 402 [3, 4]. However, that view was erroneous. It is provided that,

> When any person has been convicted of two (2) or more offenses, judgment shall be rendered on each conviction after the first, providing that the terms of imprisonment to which such person is sentenced shall run concurrently or cumulatively in the discretion of the trial judge. * * *.

---

1. This Court has just now become aware of this latter action.

T.C.A. § 40–2711; Mitchell v. State (1893), 92 Tenn. 668, 23 S.W. 68; Howe v. State ex rel. Pyne (1936), 170 Tenn. 571, 573–574(1), 98 S.W.2d 93; Bundy v. State (1940), 176 Tenn. 198, 140 S.W.2d 154. Thus, it was the exercise of the discretion of the state trial judge which effectively resulted in Mr. Britt's receiving a resentence of a maximum of 30 years after he had received an original sentence of a maximum of 15 years. No reason for the imposition by the state trial judge of the more severe sentence after a new trial appears affirmatively in any record submitted to this Court.

Having recognized in *Britt, supra,* 315 F.Supp. at 402, n, that a criminal defendant might be able to show that retaliation played a part in the more severe sentence a court imposed on his reconviction, this Court held an evidentiary hearing herein on February 23, 1971. Mr. Britt testified therein that, immediately prior to the commencement of his retrial, in the presence of the veniremen, some of whom afterward constituted the jury which tried him and fixed his maximum punishment at 10 years, the district attorney general Carl R. Kirkpatrick, Esq. stated to the presiding judge, Honorable John K. Byers, in a jocular vein, that several of the earlier cases which Judge Byers had tried were then on appeal; that this was the first of his cases to be reversed and remanded for a new trial; that, at such point Judge Byers' appellate record was such that he was "batting 0 for 1"; and, that Mr. Kirkpatrick was seeking a "stiffer" penalty. Mr. Britt also testified that, in his summation to the jury, the prosecuting attorney requested the jury to set Mr. Britt's punishment at "more than the minimum". It is undisputed in this record that, after the jury had reported its verdicts, Mr. Kirkpatrick stated to the trial judge: " * * * I think if more severe punishment was meted out in more of these cases there would be fewer of these habeas corpus * * * " applications.

Although the state trial judge made no evident response to the prosecuting attorney's suggestion for a retaliatory sentence, the fact remains that, after the retrial, the trial judge exercised his discretion in running the sentences imposed in such manner that Mr. Britt's maximum aggregate sentence was doubled over that initially imposed, absent any showing in the record of any aspect of Mr. Britt's life, health, habits, conduct and mental or moral propensities which required a more severe sentence to fit the aggregate punishment to the offender. Under these circumstances, it is difficult to say that vindictiveness against Mr. Britt for having successfully attacked his first convictions played no part in the sentences he received after a new trial, North Carolina v. Pearce, *supra,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d at 669 [18]; and this Court must conclude that the state of Tennessee is punishing Mr. Britt without due process of law for having exercised his right of appeal from the judgment convicting him.

The respondent filed no answer herein, but in his reply brief to the United States Supreme Court in Britt v. State, *supra,* he raised the question of whether the *Pearce* doctrine is to be retroactively applied. In passing on this question, it has been said:

\* \* \* \* \* \*

There remains for decision the question of whether * * * the *Pearce* doctrine is to be retroactively applied, thus making it applicable to the instant case. The Court concludes that the *Pearce* decision should, indeed be given retroactive effect. In reaching this conclusion, the Court has followed the rule approved by the Supreme Court in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966); and Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16

L.Ed.2d 882 (1966). That rule has been stated before by this Court as follows:

> In criminal cases concerning constitutional claims, the court may in the interest of justice *make a rule prospective only* where the exigencies of the situation require such an application. *See*, Graham v. Blackwell, 291 F.Supp. 761 (M.D.Tenn.1968) (Emphasis added [in original]).

The Court is of the view that there are no exigencies in the instant case which would compel only a prospective application of the *Pearce* doctrine. The criteria for determining whether a rule should have prospective application only are (1) the purpose to be served by the new standard, (2) the extent of the reliance by law enforcement officials upon prior decisions on the subject, and (3) the effect on the administration of justice of a retroactive application of the new standard. In applying the above stated criteria, the Court must weigh the merits and demerits in each case. The way in which these criteria combine must inevitably vary with the rule involved and retroactivity must be determined in each case by looking to the peculiar factors in question. *See*, Linkletter v. Walker, *supra*. The three criteria are to be balanced by the Court.

The first criterion is concerned with the purpose of the new standard. Clearly it is the purpose of the *Pearce* doctrine to insure that an accused person who has been convicted and sentenced at his first trial should not be subject to the imposition of a harsher sentence at a new trial unless in the time interval between the first trial and the new trial the accused has conducted himself in such a manner that additional punishment is warranted. An underlying purpose of the *Pearce* doctrine is to prevent the threat of a more severe sentence from intimidating an accused person from seeking a new trial. As the Court has discussed above, petitioner Pinkard's case clearly involves the type of situation to which the *Pearce* doctrine was meant to apply. For this Court to refuse to apply the *Pearce* rule in the instant case would amount to encouraging the continuance of a practice which manifestly has a "chilling effect" on those who would seek new trials.[1] Accordingly, the Court is satisfied that the purpose for which the *Pearce* standard was formulated requires that that standard be accorded retroactive application.

1. *See*, Note, "Constitutional Law: Increased Sentence and Denial of Credit on Retrial Sustained Under Traditional Waiver Theory," 1965 Duke L.J. 395, and *see*, North Carolina v. Pearce, *supra*, 395 U.S. at 725, n. 20, 89 S.Ct. 2072.

As to the second criterion, there is no reason to believe that the retroactive application of a rule which prohibits the imposition of a more severe sentence upon a retrial than was imposed at the initial trial, would have a prejudicial effect on law enforcement officials in the performance of their tasks.[2]

2. Note the foregoing discussion on relative ease with which a trial judge could incorporate the *Pearce* rule into jury instructions under Tennessee Criminal Procedure.

Finally, with regard to the third criterion, the Court is unconvinced that retroactive application of the *Pearce* rule would in any way hinder the administration of justice. The Court does not foresee a flood of litigation resulting from giving retroactive effect to the *Pearce* standard. Certainly, it is possible that the need for evidentiary hearings in matters similar to the instant case may arise. Yet, in the Court's experience, it appears that there are relatively few prisoners whose cases would fall within the ambit of the *Pearce* decision.[3]

3. The instant case is the only one to be filed in this district since the *Pearce* decision was rendered. Respondent's attorney in the present case did not anticipate a rash of applications of this nature in Tennessee.

Pinkard v. Neil, D.C.Tenn. (1970), 311 F.Supp. 711, 714–715 [5, 6]. This Court adopts for the purpose of the situation *sub judice* involving Mr. Britt these expressions of Chief District (now Circuit) Judge William E. Miller.

As the petitioner has been denied his federal right to due process of law by the state of Tennessee, judgment will enter that the petitioner Mr. Paul Britt be discharged and released by the warden of the Tennessee State Penitentiary from further detention and restraint, by reason of the judgment of July 11, 1968 of the Criminal Court of Sullivan County, Tennessee, forthwith when he has served, with credit for time already served, of a maximum aggregate sentence of 15 years.[2]

---

2. Mr. Britt is to serve the sentence of from three to 10 years on the indictment in which such was the sentence, and is to serve the respective sentences of from three to five years on the nine indict-ments in which such was the sentence; said sentences on the nine indictments to run concurrently one with another but consecutively to the sentence of from three to 10 years.