Phillip WILLIAMS

v.

STATE of Tennessee.

Supreme Court of Tennessee.

Dec. 17, 1973.

Thomas E. Ray, Chattanooga, for plaintiff in error.

David M. Pack, Atty. Gen., John B. Hagler, Jr., Asst. Atty. Gen., Nashville, Edward E. Davis, Dist. Atty. Gen., Donald Poole and Gary Gerbitz, Asst. Dist. Attys. Gen., Chattanooga, for the State.

## OPINION

McCANLESS, Justice.

The defendant, Phillip Williams, was charged in three separate indictments of selling a controlled substance, marijuana, in violation of Sections 52–1409, 52–1422, and 52–1432, T.C.A. The trial judge allowed the defendant to plead guilty to all three charges and to waive a jury. He sentenced Williams to not less than one nor more than two years in the penitentiary on each charge, the three sentences to be served concurrently.

Execution of the sentences was deferred pending a parole investigation. During the course of the investigation, the defendant informed the parole investigator that he had pled guilty only to receive a lighter sentence, but he was not guilty of the charges against him. The investigator informed the trial judge of the defendant's claim of innocence, whereupon the judge held a hearing to determine the validity of the pleas of guilty. The pleas then were withdrawn and a jury trial ordered. The cases were consolidated for trial on April 20, 1972. The jury convicted the defendant on all three charges and sentenced him to not less than one year nor more than three years in each case. The court denied the defendant's motion for a new trial, and granted the State's motion that the sentences be served consecutively. On appeal, the Court of Criminal Appeals affirmed the convictions but modified the sentences so that they would be served concurrently rather than consecutively.

The State's petition for certiorari was granted and we heard oral argument. The case presents two questions: (1) whether the trial judge abused the discretion granted him under Section 40–2711, T.C.A., to order the sentences to be served consecutively rather than concurrently; and (2) whether the defendant's constitutional rights were violated by the trial judge's failure to show affirmatively why he imposed a more severe sentence after the trial than he did after the earlier pleas of guilty.

The three sales in question all occurred on the evening of December 9, 1971, in the defendant's Chattanooga apartment. In each sale, the purchaser was Brenda Jones, a police undercover agent. She was sent by her superiors to the apartment to make the purchase from one Ray Donahue. When she arrived about seven o'clock, Donahue was not at home. The defendant was there, however, and agreed to sell her a quantity of marijuana for five dollars. When the sale was completed, Miss Jones delivered the marijuana to her superiors. Upon their instructions, she returned to the apartment at about eight fifteen, again looking for Donahue. He was still out, however, and the defendant sold Miss Jones a larger quantity of marijuana for twenty dollars. After delivering this marijuana to her superiors, and again upon their instructions, she visited the apartment a third time at about nine forty-five. On this visit, she found Donahue there but she bought from the defendant another five dollar packet of marijuana and waited at the apartment until police arrived to arrest him.

Section 40–2711, T.C.A., provides:

"When any person has been convicted of two (2) or more offenses, judgment shall be rendered on each conviction after the first, providing that the terms of imprisonment to which such person is sentenced shall run concurrently or cumulatively in the discretion of the trial judge; provided, that the exercise of the discretion of the trial judge shall be reviewable by the Supreme Court on appeal.

We first hold that the three sales in this case were complete sales amounting to separate, distinct offenses. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 [1932]; and Freeman v. United States, 146 F.2d 978 [6th Cir. 1945].

In Loane v. State, 490 P.2d 759 [Okl. Cr.1971], the court upheld two convictions in which the defendant had sold drugs to the same undercover police agents in the same day. The two sales were separated by about one and a half hours. The court said:

"We are of the opinion that the two sales were not, in fact, a continuing transaction, and as such, constitute two distinct offenses. We observe the differences in the time of the sales, the differences in the amounts of each sale, the differences in the number of items sold on each occasion, and the obvious completeness of each sale, that is the exchange of money, and the passing possession of the drugs."

We must disagree with the Court of Criminal Appeals that the three sales constituted a single continuing criminal episode for which only one sentence should be imposed.

The Court of Criminal Appeals wrote, however, that the "potential inequity" posed by the case would require concurrent sentences even if the three sales did not meet the "same transaction" test. The court's concern was that a contrary ruling would open the door for overzealous police officers to continue to make purchases from a single defendant in order to compound the charges.

"If under these circumstances consecutive sentences are imposed the way would be open for much more severe punishment for one episode of criminal activity than contemplated by the legislature."

Section 40–2711, T.C.A., however, makes the determination whether sentences will run concurrently or consecutively discretionary with the trial judge. Thus in this case it was his decision, and not that of the police officers, whether the three offenses merited prison terms of one to three years, or of three to fifteen years. We find no abuse of discretion inherent in a trial judge's order that the sentences imposed for three separate sales of a controlled substance run consecutively, under the factual circumstances of this case. The concern of the Court of Criminal Appeals that the police agent in this case could have bought marijuana indefinitely from the defendant, to the extent that consecutive sentences would send the defendant to prison for life, is unfounded. In such a case, an order that the sentences be served concurrently would correct any abuse by the police; and a contrary order that they be served consecutively would be a clear abuse of discretion, curable in the appellate courts under the provisions of Section 40–2711.

While we hold that the imposition of consecutive sentences for more than one offense, each being similar in nature and close in time, is not of itself an abuse of discretion the result may be otherwise where re-sentencing is involved. In North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 [1969], the Supreme Court of the United States held that due process requires the trial judge to give affirmative reasons for imposing a harsher sentence on retrial, where the original conviction was set aside. The court first observed that:

"A trial judge is not constitutionally precluded, in other words, from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.' Williams v. New York, 337 U.S. 241, 245, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337. Such information may come to the judge's attention from evidence adduced

at the the second trial itself, from a new presentence investigation, from the defendant's prison record, or possibly from other sources."

But the court added that, under the due process clause of the Fourteenth Amendment, that

" . . . whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

The rule in North Carolina v. Pearce, supra, applies likewise, to cases such as this one, where the judge imposed a harsher sentence on defendant's trial than the sentence imposed on his guilty plea. United States v. Bell, 457 F.2d 1231 [5th Cir. 1972]. In this case it was not questioned that granting the State's motion to require that the sentences be served consecutively imposed a more severe punishment on the defendant; it tripled the total length of the sentence. Yet the record does not disclose any reason for the increase, in accordance with North Carolina v. Pearce. Britt v. Tollett, 329 F.Supp. 568 [E.D. Tenn. 1971], in effect reverses Britt v. State, 2 Tenn.Cr.App. 581, 455 S.W.2d 625 [1969]; see Pendergrass v. Neil, 338 F. Supp. 1198, 1200 [M.D.Tenn. 1971].

We thus affirm the result in the Court of Criminal Appeals, requiring the sentences to run concurrently, but for the reasons we have set forth above.

DYER, C. J., FONES, J., and LEECH and JENKINS, Special Justices concur.