**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT KNOXVILLE**
**FEBRUARY SESSION, 1999**

FILED

July 2, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **JAY WILL KILBY,** | ) | **C.C.A. NO. 03C01-9801-CR-00040** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **KNOX COUNTY** |
| **VS.** | ) | |
| | ) | **HON. RICHARD BAUMGARTNER** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Post-Conviction Relief)** |

FOR THE APPELLANT:

MARK E. STEPHENS
District Public Defender

PAULA R. VOSS (on appeal)
JOHN HALSTEAD (at trial)
Assistant Public Defender
1209 Euclid Avenue
Knoxville, TN  37921

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

ELLEN H. POLLACK
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243

RANDALL E. NICHOLS
District Attorney General

ROBERT L. JOLLEY
Assistant District Attorney
City-County Building
Knoxville, TN  37902

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On October 31, 1991, Appellant Jay Will Kilby filed a petition for post-conviction relief. On January 15, 1998, the post-conviction court conducted a hearing on the petition. That same day, the post-conviction court dismissed the petition. Appellant challenges the dismissal of his petition for post-conviction relief, raising the following issues:

> 1) whether the post-conviction court erred when it found that the trial court properly imposed consecutive sentences for Appellant's six underlying felony convictions following the reversal of Appellant's six habitual criminal convictions; and
> 2) whether the post-conviction court erred when it found that the trial court properly allowed the State to file an amended notice of intent to seek enhanced punishment prior to resentencing.

After a review of the record, we affirm the judgment of the post-conviction court.

## I. BACKGROUND

On September 30, 1987, Appellant pled guilty to three counts of first degree burglary and three counts of grand larceny. Each of these counts was the triggering offense for one of six charges of being a habitual criminal. Because Appellant elected to have a jury trial on the six counts of being a habitual criminal, the trial court deferred imposing sentence for the six convictions for the triggering offenses. On October 1, 1987, a Knox County jury convicted Appellant of all six counts of being a habitual criminal. On November 12, 1987, the trial court imposed six concurrent life sentences for the habitual criminal convictions. The trial court imposed these sentences without imposing sentences for the six triggering convictions. This Court subsequently upheld Appellant's convictions in State v. Kilby, 763 S.W.2d 389 (Tenn. Crim. App. 1988).

On July 20, 1990, Appellant filed a petition for post-conviction relief in which he challenged his habitual criminal convictions. On March 21, 1991, the trial court set aside Appellant's habitual criminal convictions and scheduled the case for resentencing for the six triggering convictions. On March 26, 1991, the State filed an amended notice of intent to seek enhanced punishment. The record indicates that Appellant did not object to the amended notice.

The trial court conducted the resentencing hearing on May 6, 1991. That same day, the trial court sentenced Appellant as a career offender to fifteen years for each of the three first degree burglary convictions and to ten years for each of the three grand larceny convictions. The trial court also ordered these six sentences to run consecutively. Appellant filed notice of appeal on June 10, 1991. In his appeal, Appellant contended that resentencing for the six triggering convictions violated principles of double jeopardy.

On October 31, 1991, while Appellant's direct appeal was still pending, Appellant filed the petition for post-conviction relief at issue in this case. In this petition, Appellant contended that his counsel was ineffective in failing to file a direct appeal, that resentencing violated principles of double jeopardy, and that he was the victim of judicial vindictiveness.

This Court subsequently concluded that Appellant's appeal had no merit because the facts of the case did not implicate double jeopardy considerations. State v. Jay Will Kilby, No. 03C01-9110-CR-00332, 1992 WL 97086, at *1–2 (Tenn. Crim. App., Knoxville, May 12, 1992). In so holding, this Court noted that

Appellant "does not contest the length, range, or manner of service of these sentences. He contests their imposition." Id., 1992 WL 97086, at *1.

The post-conviction court conducted a hearing on the petition in this case on January 15, 1998. At the conclusion of the hearing, the post-conviction court found that the ineffectiveness of counsel claim was moot, that there was ample evidence to support consecutive sentences, and that there was no evidence of any judicial vindictiveness.

## II. IMPOSITION OF CONSECUTIVE SENTENCES

Appellant contends that the post-conviction court erred when it found that the trial court properly imposed six consecutive sentences for his underlying felony convictions following the reversal of his six habitual criminal convictions. Specifically, Appellant argues that consecutive sentencing is inappropriate because it is the result of judicial vindictiveness.

Initially, we note that Appellant has waived this issue. When Appellant filed his petition for post-conviction relief, Tennessee Code Annotated section 40-30-112 provided, in relevant part:

> (1) A ground for relief is "waived" if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.
> (2) There is a rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived.

Tenn. Code Ann. § 40-30-112(b) (1990). The Tennessee Supreme Court has held that "the rebuttable presumption of waiver is not overcome by an allegation

that the petitioner did not personally, knowingly, and understandingly fail to raise a ground for relief." House v. State, 911 S.W.2d 705, 714 (Tenn.1996). Rather, "[w]aiver in the post-conviction context is to be determined by an objective standard under which a petitioner is bound by the action or inaction of his attorney." Id. Clearly, Appellant's claim of judicial vindictiveness was available when Appellant filed his previous appeal. In addition, Appellant has failed to make any effort to rebut the presumption that he has waived this claim. However, we conclude that Appellant is not entitled to relief even on the merits.[1]

Appellant contends that he is a victim of judicial vindictiveness because after the six habitual criminal convictions for which he received concurrent life sentences were set aside, the trial court imposed six consecutive sentences for the underlying felony convictions. Essentially, Appellant claims that by imposing consecutive sentences, the trial court punished Appellant for exercising his right to challenge his habitual criminal convictions through the post-conviction process.

In North Carolina v. Pearce, 395 U.S. 711, 724–25, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969), the United States Supreme Court held that it is a violation of basic due process to punish a person because he has done what the law plainly allows. The Supreme Court stated that the Due Process Clause of the Fourteenth Amendment prevents increased sentences which are actually or likely motivated by a vindictive desire to punish a defendant for the exercise of a

---

[1]We note that the State raised the defense of waiver in its answer to Appellant's petition for post-conviction relief. However, for some inexplicable reason, neither the State nor the post-conviction court addressed the waiver defense during the hearing on Appellant's petition. Rather, both the State and the court addressed the merits of Appellant's claims. Therefore, we also chose to address the merits of this claim.

statutory or procedural right. Id., 395 U.S. at 723–24, 89 S.Ct. at 2080. The Pearce Court stated:

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

Id., 395 U.S. at 725, 89 S.Ct. at 2080. To prevent vindictiveness from entering into the decision and to allay any fear on the part of a defendant that an increased sentence is the product of vindictiveness, the Court fashioned a prophylactic rule that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." Id., 395 U.S. at 726, 89 S.Ct. at 2081. Otherwise, a presumption arises that a greater sentence has been imposed for a vindictive purpose—a presumption that must be rebutted by "'objective information . . . justifying the increased sentence.'" Texas v. McCullough, 475 U.S. 134, 142, 106 S.Ct. 976, 981, 89 L.Ed.2d 104 (1986) (quoting United States v. Goodwin, 457 U.S. 368, 374, 102 S.Ct. 2485, 2489, 73 L.Ed.2d 74 (1982)).

In Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 1021 L.Ed.2d 865 (1989), the Supreme Court limited the application of Pearce to circumstances in which there is a "'reasonable likelihood' that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." Id., 490 U.S. at 799, 109 S. Ct. at 2205. "Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." Id., 490 U.S. at 799, 109 S. Ct. at 2205.

We conclude that the record does not support Appellant's allegation that he is a victim of judicial vindictiveness. First, we note that Appellant did not receive a longer sentence after resentencing. When Appellant was sentenced in 1987 to six concurrent life sentences, the relevant statute provided that he would be eligible for release after serving thirty years. Tenn. Code Ann. § 40-35-501(f) (1982). When Appellant was resentenced in 1991 to a total sentence of seventy-five years at 40% release eligibility,[2] the effect was that Appellant would be eligible for release after serving thirty years. Thus, Appellant has not received a longer sentence after resentencing.[3] In addition, we note that even if the new sentence could somehow be classified as a longer sentence, there is no reasonable likelihood that the increased sentence was the product of actual vindictiveness on the part of the resentencing court. In this case, Judge John J. Duncan, Jr., imposed the original sentences for the habitual criminal convictions. A different judge, Judge Randall E. Nichols, imposed the new sentences for the six underlying felony convictions. Thus, there is no reasonable likelihood that Judge Nichols imposed the new sentences out of actual vindictiveness. See State v. John L. Goodwin, III, No. 01C01-9601-CR-00013, 1997 WL 409484, at *7 (Tenn. Crim. App., Nashville, July 23, 1997) (stating that because different

_____

[2]We note that the statute in effect at the time of resentencing provided that release eligibility for a career offender occurred after service of 60% of the sentence less applicable sentencing credits. See Tenn. Code Ann. § 40-35-501(f) (1990). However, the resentencing court applied the statute in existence at the time of the original sentencing that provided that release eligibility for a persistent offender occurred after service of 40% of the sentence. See Tenn. Code Ann. § 40-35-501(f) (1982).

[3]Appellant contends that under Williams v. State, 503 S.W.2d 109 (Tenn. 1973), there is a presumption of vindictiveness whenever consecutive sentencing is imposed for the first time upon resentencing. While we agree that Williams established a general rule that imposition of consecutive sentences for the first time at resentencing usually carries a presumption of vindictiveness, see id. at 111–12, we do not agree that Williams established a per se rule that imposition of consecutive sentences for the first time at resentencing always carries a presumption of vindictiveness regardless of the unique circumstances of each individual case. The Tennessee Supreme Court held in Williams that there was a presumption of vindictiveness when consecutive sentences were imposed for the first time at resentencing because the imposition of consecutive sentencing tripled the total length of the defendant's sentence. Id. at 112. As previously stated, the trial court's imposition of consecutive sentences in this case did not increase the total length of Appellant's sentence. Thus, Williams is clearly distinguishable from this case.

judges presided over the original sentencing hearing and the resentencing hearing, "any risk of vindictiveness by the trial judge being confronted by resentencing is nonexistent"). Therefore, the burden remains on Appellant to show that the new sentences were the product of actual vindictiveness. Appellant has failed to identify any evidence that actual vindictiveness played any part in resentencing[4] and we can find nothing in the record that would support a finding of actual vindictiveness. This issue has no merit.[5]

### III. AMENDED NOTICE OF ENHANCEMENT FACTORS

Appellant contends that the post-conviction court erred when it found that the trial court properly allowed the State to file an amended notice of intent to seek enhanced punishment prior to Appellant's resentencing.

The record indicates that on February 9, 1987, the State filed a notice of intent to seek enhanced punishment that listed eleven of Appellant's prior felony convictions. Eight of these listed convictions were vacated in 1990, but Appellant subsequently reentered guilty pleas for four of the vacated convictions in 1990. On March 26, 1991, the State filed an amended notice of intent to seek enhanced

---

[4]Appellant briefly argues that the trial court did not follow the proper statutory guidelines when it determined the length of Appellant's sentences and when it imposed consecutive sentencing. However, Appellant cannot seek review of the length or manner of serving sentences in a post conviction proceeding. See Andrea Jones v. State, No. 02C01-9603-CR-00084, 1997 WL 68330, at *1 (Tenn. Crim. App., Jackson, Feb. 20, 1997) (citing Tenn. Code Ann. § 40-35-401(a) (1989)).

[5]We note that in Appellant's argument on this issue, he makes a somewhat vague allegation that his trial counsel provided ineffective assistance of counsel by failing to object to consecutive sentencing on judicial vindictiveness grounds. However, we have already determined that there is no proof that judicial vindictiveness played any part in resentencing. When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he or she must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he or she must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693, 104 S.Ct. 2052, 2067–68, 80 L.Ed.2d 674 (1984). Because Appellant's judicial vindictiveness argument has no merit, Appellant's trial counsel was not deficient in failing to make the argument in the trial court.

punishment. The amended notice listed fifteen of Appellant's felony convictions, including the three convictions listed on the original notice that were never vacated, the four convictions listed on the original notice that were later vacated and then reentered, and eight convictions that were not listed in the original notice. Appellant essentially claims that because the State did not include eight of these convictions in its original notice, Appellant was prevented from considering them when he decided to plead guilty to the six underlying felonies in this case in 1987.[6]

Initially, we note that Appellant has waived this issue by failing to raise it in his previous appeal. Tenn. Code Ann. § 40-30-112(b) (1990); House, 911 S.W.2d at 714. Clearly, Appellant's claim that the trial court erroneously allowed the filing of the amended notice of enhancement factors was available when Appellant filed his previous appeal. In addition, Appellant has failed to make any effort to rebut the presumption that he has waived this issue.

In addition to waiver, Appellant is not entitled to relief on this claim because this claim is inappropriate for a post-conviction proceeding. Appellant contends that the trial court erred when it allowed the State to file the amended notice because Tennessee Code Annotated section 40-35-202 and Rule 12.3 of the Tennessee Rules of Criminal Procedure require the State to give notice of intent to seek enhanced punishment at least ten days before acceptance of a guilty

---

[6]Appellant also contends that the trial court erroneously based its decision to classify him as a career offender on the four convictions that were vacated and reentered after his conviction for the six offenses in this case. Specifically, Appellant contends that the four convictions were not "prior felony convictions" under Tennessee Code Annotated section 40-35-108 because they were not reentered until after the commission of the six offenses in this case in 1984. However, as noted by the post-conviction court, the amended notice contained eleven other previous felony convictions that justify the trial court's finding that Appellant was a career offender.

plea or trial.[7] Specifically, Appellant contends that under section 40-35-202 and Rule 12.3, the State should not have been allowed to file the amended notice because it was not filed more than ten days before he pled guilty to the six underlying felonies in this case. However, in State v. Harris, 919 S.W.2d 323 (Tenn. 1996), the Tennessee Supreme Court stated that the notice requirement of Rule 12.3 is not constitutionally mandated. Id. at 331. Post-conviction relief is only available when a conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-105 (1990). Because Appellant's claim is not based on the alleged abridgment of a constitutional right, this claim can not be asserted in a post-conviction proceeding.[8]

Accordingly, the post-conviction court's dismissal of Appellant's petition is AFFIRMED.



JERRY L. SMITH, JUDGE

---

[7]Section 40-35-202 provides in relevant part:
> If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea; provided, that notice may be waived by the defendant in writing with the consent of the district attorney general and the court accepting the plea. Such statement, which shall not be made known to the jury determining the guilt or innocence of the defendant on the primary offense, must set forth the nature of the prior felony convictions, the dates of the convictions and the identity of the courts of the convictions.

Tenn. Code Ann. § 40-35-202(a) (1997). Similarly, Rule 12.3 provides in relevant part:
> Written statements of the district attorney giving notice that the defendant should be sentenced to an enhanced punishment, for an especially aggravated offense, and/or as a persistent offender shall be filed not less than ten (10) days prior to trial. If the notice is filed later than this time, the trial judge shall grant the defendant, upon motion, a reasonable continuance of the trial.

Tenn. R. Crim. P. 12.3(a).

[8]We note that Appellant claimed both in his post-conviction petition and during the hearing on his petition that his trial counsel was ineffective in failing to object to the filing of the amended notice of intent to seek enhanced punishment. This claim would of course be cognizable in a post-conviction proceeding. However, on appeal, Appellant has not argued that counsel was ineffective in this regard. In fact, Appellant's argument about the filing of the amended notice of enhancement only makes one extremely obscure reference to his trial counsel's conduct. This obscure reference is completely insufficient to raise the issue of ineffectiveness of counsel on appeal.

CONCUR:


_____
THOMAS T. WOODALL, JUDGE


_____
L.T. LAFFERTY, SENIOR JUDGE