Mitchell *v.* State.

## MITCHELL *v.* STATE.

### (*Jackson.* June 1, 1893.)

1. CRIMINAL PRACTICE. *Continuance.*

   An application for a continuance will be disallowed, if not supported by an affidavit.

2. SAME. *Severance.*

   An application for a severance will be disallowed, if not supported by an affidavit.

3. LARCENY. *What constitutes.*

   One who obtains money by false and fraudulent representations that he is an officer of an association owning large tracts of land, on which they desire to locate poor colored people, and that, if the other will give him his money, he will move him upon the land and stock it for him, allowing him to pay for it as he is able, is guilty of larceny, under ₰ 5445 (M. & V.) Code, providing that "if a contract of loan for use, or of letting and hiring, or other bailment or agency, be used merely as the means of procuring possession of property, with an intent to make a fraudulent appropriation at the time, it is larceny."

   Code construed: ₰ 5445 (M. & V.) ; ₰ 4679 (T. & S.).

   Cases cited : Felter *v.* State, 9 Yer., 397; Coldwell *v.* State, 3 Bax., 430 : Defrese *v.* State, 3 Heis., 61 ; Robinson *v.* State, 1 Cold., 120; Collins *v.* State, 15 Lea, 69.

---

### FROM SHELBY.

---

Appeal in error from Criminal Court of Shelby County. J. J. DuBose, J.

W. A. Duncan for Mitchell.

Attorney-general Pickle for State.

CALDWELL, J. Stanley Mitchell and James Washington have appealed in error from a joint conviction for the larceny of twenty dollars, the money of Patton Walker, the prosecutor.

They seek a reversal upon three grounds: (1) Because the trial Judge refused them a continuance; (2) because he refused them a severance; (3) because the evidence, as they contend, does not sustain the verdict.

*First.*—The motion for continuance was properly disallowed, because not supported by an affidavit.

*Second.*—The application for a severance was properly disallowed for the same reason.

*Third.*—It is well established by the proof that plaintiffs in error and the prosecutor are negroes; that on May 15, 1892, Mitchell and Washington, went together to the house of Walker, a new comer, in the city of Memphis, and represented to him that they were President and Secretary, respectively, of an Anti-Oklahoma Association, which association they said owned a large tract of land near Memphis, in Shelby County, upon which they desired to locate poor colored people, and give them homes on easy terms; that they further said to him that, if he would turn over to them such money as he then had, they would move him and his family upon that land and stock it for him, and allow him to pay for the land and stock as he might become able; that believing their representations to be true, Walker and his wife, at once, turned over to Mitchell and Washington the

sum of twenty dollars, all the money they had; that Mitchell and Washington went away with the money, never returned or accounted for any part of it, but appropriated it as their own, and never offered to comply with the promise under which they received it.

The proof further shows that there was, in reality, no such association as that of which the plaintiffs in error claimed to be officers; that they knew all of their representations to be utterly false, and that they made them alone for the fraudulent purpose of obtaining the prosecutor's money and applying it to their own private uses.

These facts constitute larceny, under § 4679 of the Code, which is in the words following: "If a contract of loan for use, or of letting and hiring, or other bailment or agency, be used merely as the means of procuring possession of property with an intent to make a fraudulent appropriation at the time, it is larceny."

. From the prosecutor's stand-point, Mitchell and Washington, upon their own suggestion, became his bailees and agents to receive his money and turn it into the treasury of the supposed association in his name and for his benefit. With no other view did he hand them his money; in no other relation can they be held to have received it. In legal contemplation, the transaction constituted a contract of bailment and agency. By using that contract merely as means of obtaining possession of the prosecutor's money, intending at

the time to make a fraudulent appropriation of it, the plaintiffs in error became guilty of larceny under the statute just quoted.

That statute seems to have originated with the Code of 1858, and was, no doubt, intended, primarily, to change the rule announced in *Felton* v. *The State*, 9 Yer., 397, and other cases therein cited, to the effect that there can be no larceny in the absence of a technical trespass, though the party charged be shown to have obtained possession of the property by fraud upon the owner, and with a felonious intent of converting it to his own use.

An application of the statute to facts practically identical with those disclosed in Felton's case, with a result exactly the reverse, is found in 3 Baxter, at page 430.

In Defrese's case it was said that the trespass in such a case is in the fraud and deception practiced upon the owner, by which the possession was acquired with felonious intent; and that the statute is but a return to the ancient principles of the common law. 3 Heis., 61, 62.

The statute was not mentioned in the case of *Robinson* v. *The State*, 1 Cold., 120, and need not have been, for the reason that the facts did not call for or justify its application. Robinson was not shown to have practiced any fraud or deception in obtaining possession of the trunk from which he took the prosecutor's money, but only to have taken the money and converted it to his own use, after the owner had, of his own accord,

placed the trunk in his charge for safe-keeping. This Court held that the taking of the money, under such circumstances, constituted the crime of larceny at common law, only the *trunk*, and not the *money*, having been placed in the defendant's keeping. *Ib.*, 121, 122.

The statute seems not to have been considered, or, if considered, it was not applied, in the case of *Collins* v. *The State*, 15 Lea, 69. The facts stated in the report of that case do not bring it clearly within the operation of the statute in question.

Mitchell and Washington are also under conviction, upon another indictment, for the larceny of thirty-nine dollars, the money of Eulos Rodgers. They are shown to have obtained his money at the same time, with the same intent, and under precisely the same circumstances as they received that of Patton Walker, and to have converted it to their own use, as they did his. In fact, the two cases were tried together, upon evidence largely the same; hence, what has been said of the one case in this opinion is equally applicable to the other one, and need not be repeated.

It was proper that the judgment in one of the cases should provide that the imprisonment thereunder should commence at the expiration of the imprisonment imposed in the other case, the offenses being separate. Code, § 5228.

The punishment in each case was fixed at five years in the State penitentiary.

Affirm both judgments.