# HENRY D. MAXWELL, RONALD L. STOKES, and JOE WILLIE NEWMON, Plaintiffs in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. April 22, 1969.

Certiorari Denied by Supreme Court June 2, 1969.

336

Hugh W. Stanton, Jr., Memphis, for plaintiffs in error.

George F. McCanless, Atty. Gen. of Tenn., Robert H. Roberts, Asst. Atty. Gen., Nashville, Leonard T. Lafferty and James P. Cross, Asst. Dist. Attys. Gen., Memphis, for defendant in error.

## OPINION

WALKER, Presiding Judge.

Maxwell, Stokes and Newmon were jointly indicted for two cases of robbery. The first indictment charged them with robbing Eugene Smith of a hat, billfold and $43.50; the second charged them with robbing Manch Phillips of a billfold and $24. The cases were tried together and resulted in the conviction of all three of robbery in each case. In accordance with the verdicts, the trial judge sentenced them to the penitentiary for five to ten years in each case. He fixed these sentences to be served concurrently. At the trial Stokes was represented by privately retained counsel; the others were represented by different members of the public defender's staff. On appeal the public defender represents all of the defendants.

Eugene Smith, age 44, and Manch Phillips, age 79, lived together in South Memphis. On the night of Friday, March 10, 1967, they went to a cafe. Phillips noticed that the defendant Stokes was also there and seemed to be watching Smith. Stokes left about ten minutes before Smith and Phillips bought some sandwiches and started home.

Phillips was slightly ahead of Smith as they walked down Latham Street. Smith was struck from behind and rendered unconscious. Phillips turned and said, "What's going on here? I know you." At that time, Newmon hit him in the mouth, knocking out a tooth. He fell to the ground and Newmon robbed him of his billfold and money. The other defendants were astride Smith and tore his trousers partly off in taking his billfold. Someone living nearby turned lights on and the defendants fled.

Phillips revived Smith and they notified the police of the robberies. Smith was unable to identify any of the defendants, but Phillips positively identified all of them. He says he knew them that night but did not give their names to the police. On the following Monday, while working at a liquor store, Phillips saw Maxwell and Stokes at a nearby doughnut shop. He had the police notified. Maxwell's brother was arrested by mistake but was soon released. All three defendants were arrested.

At the police station, Newmon told Phillips that he was the one who robbed him.

Each of the defendants relied on an alibi and denied any participation in a robbery. Newmon admitted confessing his guilt but says he did so because of threats.

Under their assignments the defendants contend that, under the evidence in its most favorable light to the state, there may be sufficient evidence to convict Newmon of the robbery of Phillips but there is no evidence that either Stokes or Maxwell had anything to do with that robbery; likewise, there is no evidence that Newmon participated in the robbery of Smith but the evidence showed only that the other defendants had contact with him. By this argument there were two separate robberies in which all did not participate and the defendants could not be convicted in both cases.

■ We agree that there were separate robberies, but we hold that all participated in each of them. All who are present at the commission of a robbery, rendering it countenance and encouragement, ready to assist should the necessity arise, are liable as principal actors. To be criminally responsible, the accused need not have taken any money from the victim with his own hands, or actually participated in any other act of force or violence; it is sufficient if he was present, aiding and abetting, or ready and willing to aid if necessary. Moody v. State, 46 Tenn. 299; Flippen v. State, 211 Tenn. 507, 365 S.W.2d 895. By T.C.A. Sec. 39-109, aiders and abettors are deemed principal offenders and are punished as such.

■■ The defense of alibi presents an issue of fact to be determined by the credibility of the witnesses and the weight to be given their testimony. Its weight is the province of the jury. Turner v. State, 187 Tenn. 309, 213 S.W.2d 281; Smith v. State, 205 Tenn. 502, 327 S.W.2d 308. By their verdicts the jury rejected the defense of alibi in these cases, and from a careful re-

view of all the evidence we are of the opinion that it does not preponderate against the finding of the jury upon that issue.

The defendants have failed to carry the burden of showing that the evidence preponderates against the verdicts and in favor of their innocence. The jury believed Phillips' testimony that they beat and robbed him and Smith, and it did not believe the defendants. In accordance with established and well-founded rules of trial and appellate procedure, we must adopt this evaluation of credibility as our own. Bolin v. State, 219 Tenn. 4, 405 S.W.2d 768.

■ The defendants attack the admissibility of Newmon's confession and the manner in which the prosecution used and referred to it in its introduction into evidence and argument to the jury. Only Stokes' motion for new trial raises this issue. It is not available to those defendants who did not incorporate this question in their motions for new trial. Wilkerson v. State, 208 Tenn. 666, 348 S.W.2d 314; Kirby v. State, 214 Tenn. 296, 379 S.W.2d 780; Floyd v. State (Tenn.Cr.App.) 430 S.W.2d 888; Rule 14(5) of the Tennessee Supreme Court and of this court.

■ The trial judge held a hearing out of the presence of the jury, at which time Jimmy Dunagan, a detective of the Memphis Police Department, testified that he gave Newmon the warnings of constitutional rights required by *Miranda*. The court held the confession admissible as to Newmon but also ruled that the officer could not say what Newmon said about his codefendants. He further ruled, without objection, that the names of

Stokes and Maxwell should be deleted from the confession and alphabetical letters substituted. In cross-examining Newmon about his confession, the assistant attorney general inadvertently referred to "Ron," the first name of Stokes, and promptly corrected himself. There was no objection from the defendants. We also think the trial court properly held Newmon's confession admissible.

■ The arguments to the jury are not in the record and may not be considered. Argument claimed improper cannot be considered when it does not appear in the record. Graham v. State, 218 Tenn. 453, 404 S.W.2d 475.

We have considered all assignments of error and find them without merit.

The judgment of the lower court is affirmed.

OLIVER, J., concurs.

GALBREATH, Judge (dissenting).

I dissent. It must be obvious that the subterfuge of substituting the letters "A" and "B" for the names of the co-defendants Stokes and Maxwell in the confession obtained from Newmon was not only ineffectual in keeping the identity of these two co-defendants from the jury but served to accentuate the guilty implications contained in Newmon's confession.

There should have been a severance granted in the trial of these causes to insure fair trials for all.