HENRY DINO MAXWELL, Petitioner, v. STATE OF TENNESSEE, Respondent.

458 S.W.2d 642.

Court of Criminal Appeals of Tennessee. July 9, 1970.

Certiorari Denied by Supreme Court Sept. 21, 1970.

Hugh W. Stanton, Jr., Memphis, for petitioner.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, James G. Hall, Asst. Dist. Atty. Gen., Memphis, for respondent.

## OPINION

WALKER, Presiding Judge.

Without an evidentiary hearing, the trial judge sustained a motion to strike Maxwell's petition for habeas corpus. He alleged that before his trial in Shelby County

he petitioned the trial court for a speedy trial and it was denied; that he was later tried and convicted.

The record shows that the trial court dismissed his motion for a speedy trial after a full hearing on June 28, 1967. With two codefendants, he was tried and convicted on October 16, 1967. Following his conviction, he appealed to this court and we affirmed the conviction. The Supreme Court denied certiorari. See Maxwell v. State, Tenn.Cr.App., 441 S.W.2d 503.

T.C.A. § 40-3811 provides that the scope of the hearing in a post-conviction case shall extend to all grounds the petitioner may have, except those grounds which the court finds should be excluded because they have been previously determined. If a court of competent jurisdiction has ruled on the merits after a full and fair hearing, a ground for relief is previously determined. See T.C.A. § 40-3812. That has been done here.

The trial judge properly held that this question was previously determined. His judgment in dismissing the petition is affirmed.

HYDER and RUSSELL, JJ., concur.