**Rodney W. SLOAN, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Aug. 31, 1971.

Certiorari Denied by Supreme Court
Feb. 7, 1972.

David S. Field, Nashville, for appellant.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, O'Brien Price, Dist. Atty. Gen., Springfield, for appellee.

OPINION

RUSSELL, Judge.

The appellant, Rodney W. Sloan, is serving a twenty year and a day sentence for first degree murder. Subsequent to his litigated conviction, and while represented by retained counsel, he voluntarily waived any direct appeal. However, he subsequently prosecuted a post-conviction petition through an evidentiary hearing, an appeal to this court, and an unsuccessful petition for certiorari to our Supreme Court.

The petition sub judice seeks to question the legal sufficiency of the convicting evi-

dence. In clear, cogent fashion it simply alleges Sloan's theory as to the facts of the homicide, and contends that same did not constitute first degree murder. He says that he shot his victim to death because the victim said that he (the victim) had been to a motel with Sloan's mother, and that he did so in a fit of anger. The State suggests that under Sloan's own allegation in this petition that he is guilty of first degree murder.

The trial judge dismissed this petition without the appointment of counsel and without an evidentiary hearing, and these two refusals are the errors assigned upon this appeal.

We have held many times that where a post-conviction petition is clearly drawn and states no grounds for post-conviction relief it is unnecessary for the trial judge to appoint counsel.

It is also clear that where such a petition states no ground for relief as set out in T.C.A. § 40-3805; or states only grounds that have been previously determined as defined in T.C.A. § 40-3812; that it may properly be summarily dismissed without an evidentiary hearing. See T.C.A. § 40-3809. Maxwell v. State, Tenn.Cr.App., 458 S.W.2d 642.

In the instant case, not only has the issue been previously determined, but the petition fails to state a ground for post-conviction relief. Post-conviction petitions cannot be used as substitutes for direct appeals, or to test the sufficiency of the convicting evidence, or to re-litigate matters of fact already put to rest upon the trial. Post-conviction petitions properly go only to constitutional rights' abridgements in the conviction process. See T.C.A. § 40-3805.

We affirm the judgment of the trial court in dismissing this petition without an evidentiary hearing.

MITCHELL, and DWYER, JJ., concur.