**James HOSKINS, Jr., Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Sept. 13, 1972.

Certiorari Denied by Supreme Court
Jan. 2, 1973.

F. Dulin Kelly and Harold H. Cole, Hendersonville, for plaintiff in error.

David M. Pack, Atty. Gen., Phillip W. Brooks, Asst. Atty. Gen., Nashville, O'Brien Price, Dist. Atty. Gen., Springfield, for defendant in error.

## OPINION

OLIVER, Judge.

Represented by appointed counsel below and here, Hoskins comes to this Court by an appeal in the nature of a writ of error contesting his conviction of armed robbery and 99-year penitentiary sentence adjudged in the Circuit Court of Sumner County.

The defendant, his wife and another woman were jointly indicted and tried. The women have not appealed their convictions as aiders and abettors in the armed robbery, for which each of them was sentenced to the minimum of 10 years in the penitentiary (T.C.A. §§ 39–109; 39–3901).

■ We first consider the defendant's last Assignment of Error by which he advances and urges his contention that the trial court erred in declining to grant a severance "when it became apparent to this defendant that co-defendant and wife of this defendant, Wanda Jean Whitney Hoskins, was called as a witness in her own behalf." After the State rested its case in chief, this defendant also rested without testifying or presenting any evidence. After her counsel announced that co-defendant Mary Ann Bewley intended to put on proof, the court recessed for the day. As soon as court convened the next morning, this defendant's counsel orally moved that he be granted a severance, stating "we feel that it will be highly prejudicial to our client for these young ladies to take the witness stand in their own behalf and we move for a severance." The court overruled the motion, stating that it came too late, and also denied severance motions made on behalf of the two women. Mary Ann Bewley rested without testifying or presenting any evidence. This defendant's wife, Wanda Jean Hoskins, testified, and presented her sister and mother-in-law who testified to nothing relevant or material.

■ It is elementary that a motion for a severance is addressed to the sound discretion of the trial court, and that he will not be put in error for failure to grant a severance unless it can be shown that the defendant was clearly prejudiced thereby. Davis v. State, 1 Tenn.Cr.App. 479, 445 S.W.2d 933; Cole v. State, Tenn.Cr.App., 475 S.W.2d 196; Hunter v. State, 222 Tenn. 672, 440 S.W.2d 1; Monts v. State, 218 Tenn. 31, 400 S.W.2d 722.

■ And the test for determining whether one charged with a joint crime is entitled to a severance is whether he would be unfairly prejudiced in his defense by being put to a joint trial. Anderson v. State, 207 Tenn. 486, 341 S.W.2d 385.

■ Beyond that, however, in this case it scarcely needs to be said that the defendant's oral motion for a severance did not comply with the mandatory requirement that such a motion must be supported by an affidavit. Mitchell v. State, 92 Tenn. 668, 23 S.W. 68.

■ Moreover, the law is that a defendant waives any right to a severance by failing to demand it before commencement of his trial. 5 Wharton's Criminal Law and Procedure (Anderson) § 1944, p. 56. "The motion for a separate trial must be made before the jury is impaneled or it will be deemed waived, except when separate trials are a matter of right." Ibid. § 1945, p. 57. See also: 23 C.J.S. Criminal Law § 938b, pp. 722–724. The trial court committed no error in denying this defendant's oral motion for a severance.

■ By his first two Assignments of Error the defendant assails his conviction upon the usual ground that the evidence was insufficient to warrant and sustain the verdict. The principles to which we must adhere in reviewing a record when such Assignments are advanced have been enunciated so very many times by our Supreme Court and this Court that they are now common knowledge in the legal profession. The jury's verdict of guilt, approved by the trial judge, strips the defendant of the presumption of innocence, with which the law clothed him throughout his trial, and he stands before this Court presumed to be guilty and he has the burden here of demonstrating that the evidence preponderates against the verdict and in favor of his innocence. The verdict so approved accredits the testimony of the prosecution witnesses and establishes the State's theory of the case. We may review the evidence only to determine whether it preponderates against the verdict, and in doing so we are required to take the verdict as having established the credibility of the State's witnesses. The verdict may not be overturned on the facts unless the evidence clearly preponderates against it and in favor of the innocence of the accused. Jamison v. State, 220 Tenn. 280, 416 S.W.2d 768; Webster v. State, 1 Tenn.Cr.App. 1, 425 S. W.2d 799; Hancock v. State, 1 Tenn.Cr. App. 116, 430 S.W.2d 892; Morelock v. State, Tenn.Cr.App., 460 S.W.2d 861.

This rule governing appellate review of criminal convictions makes unnecessary and, indeed, inappropriate, any detailed discussion of the evidence pro and con. Hargrove v. State, 199 Tenn. 25, 28, 281 S.W. 2d 692, 694; Morrison v. State, 217 Tenn. 374, 397 S.W.2d 826, 400 S.W.2d 237.

The defendant's wife testified that they separated two days after their marriage and she returned to the home of her parents in Scottsville, Kentucky; that on July 23, 1971 Mary Ann Bewley had an appointment with a doctor about 9:30 a.m. and asked that she accompany her; that while they were walking to the doctor's office, the defendant pulled up alongside in his car and told them he had a gun and to get in, and that they did so because she was afraid of him; that she saw "the gun and a rifle both" in the car; that after they drove around awhile, the defendant stopped and bought a hat and said he was going to Portland; that when they got to Portland he told them, "to write the notes" and they did so; that they stopped at a store and he told them to go in and see how many people were in there, and they bought some cigarettes and returned to the car and told him two women and a boy were inside; that they drove around a few minutes more and went back to the same store and the defendant got out and told them to park in the rear and not to leave him; that in a few minutes the defendant came running out of the building with a gun and a yellow sack of money in his hand and jumped in the car and told her "to take off in a hurry"; that she started driving toward Springfield, although she didn't know where she was going, and the defendant threw his hat out the window; and that she was glad when the officers stopped them.

When the defendant entered the store he picked up a pound of coffee, placed it on the counter, and handed employees Mildred Rogers and Virginia Meador two notes. One of the notes stated: "This is a holdup

. . . I have a gun." He kept his hand either in or under his coat. Pretending to faint, Miss Rogers fell to the floor. After Miss Meador and another employee, Gary McFarland, put over $2000 in cash from the cash register into a sack, the defendant took the sack and ran out the door. McFarland testified that he ran out the door after the defendant and saw a gun in his hand. McFarland and his brother pursued the car until they got the license number and then reported it and a description of the car to the police. Shortly thereafter, the sheriff of Robertson County spotted the vehicle and apprehended the defendants. In the car he found the sack of money, a rifle and a .38 caliber pistol. The defendant had five .38 caliber cartridges in his pocket.

Manifestly, the defendant has failed to carry his burden of demonstrating here that the evidence preponderates against the verdict of the jury and in favor of his innocence.

He next complains that the verdict is so excessive as to indicate passion, unaccountable caprice and prejudice on the part of the jury. The sentence fixed by the jury being within the limits prescribed for the offense of armed robbery by T.C.A. § 39-3901, the contention that the verdict is excessive and demonstrates prejudice and caprice on the part of the jury is untenable. Yearwood v. State, 2 Tenn.Cr.App. 552, 455 S.W.2d 612; Dotson v. State, 2 Tenn.Cr.App. 388, 454 S.W.2d 174; Pettyjohn v. State, Tenn.Cr.App., 463 S.W.2d 148; Bailey v. State, Tenn.Cr.App., 479 S.W.2d 829; Snowball v. State, Tenn.Cr.App., 477 S.W.2d 240; Hunter v. State, 222 Tenn. 672, 440 S.W.2d 1; Wheeler v. State, 220 Tenn. 155, 415 S.W.2d 121.

The judgment of the trial court is affirmed.

WALKER, P. J., and GALBREATH, J., concur.