**Terry McCRACKEN and David Hayden, Appellants,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Dec. 8, 1976.

Certiorari Denied by Supreme Court Feb. 14, 1977.

Luther H. Icenhour, Jr., and James R. Hamrick, Bristol, for appellants.

R. A. Ashley, Jr., Atty. Gen., Robert B. Littleton, Asst. Atty. Gen., Nashville, R. Jerry Beck, Asst. Dist. Atty. Gen., Blountville, William R. Mooney, Asst. Dist. Atty. Gen., Bristol, for appellee.

## OPINION

TATUM, Judge.

A Sullivan County Grand Jury indicted appellants for robbery and assault and battery. Both were found guilty of petit larceny and they were sentenced to terms of not less than 2 years nor more than 5 years in the State Penitentiary. We affirm.

The accredited evidence was that on November 16, 1974, Debbie Rhoten, night cashier for Carl's Beverage Center in Bristol, Tennessee, observed appellants secreting packages of luncheon meat in their clothing. She started to telephone the police but did not complete the call because appellants came toward the check-out counter. Appellant, Hayden, picked up a six-pack of beer and brought it to the front of the store and placed it on the counter. The cashier rang up on the cash register the cost of the beer which was $2.21. Appellant, Hayden, did not pay for the beer but grabbed the cash register receipt from the cashier. An argument ensued between appellants and Mrs. Rhoten concerning the payment of the beer.

Appellants then walked toward the door with the beer and Mrs. Rhoten picked up the telephone to call police. McCracken turned back around and hit four buttons on her cash register. He threatened her life if she called police and he hit her. Hayden continued to walk toward the door and was outside during at least a portion of the time when McCracken and Mrs. Rhoten were having difficulty.

The police, in response to a radio call, went to Carl's Beverage Center and observed appellants still on or near the premises of the store. One of them was carrying a bag and he threw this down upon observing the officers and both fled. The officer found that the bag contained a six-pack of beer and a quantity of meat.

McCracken testified that when Hayden approached the check-out counter with the beer, he, McCracken, turned around and started looking at books. He said that he overheard Mrs. Rhoten and Hayden arguing about the beer but that he did not know whether Hayden had paid for the beer. He testified that Hayden had the money with which to pay for the beer. He said that Mrs. Rhoten started cursing him and that he slapped her for cursing him. He denied touching the cash register and stated that he and Hayden had purchased meat at another store but did not acquire any meat at Carl's Beverage Center.

Hayden testified that he paid for the beer and denied taking any meat from the store. He denied observing any altercation between McCracken and Mrs. Rhoten.

Hayden was asked on cross-examination whether he had talked to Mrs. Rhoten on the day before the trial and had asked her not to appear in court as the only chance he had of successfully defending the case was for her not to appear. Hayden admitted

talking with Mrs. Rhoten but stated that he only asked her if she had been subpoenaed.

Mrs. Rhoten testified on rebuttal that Hayden approached her the day before the trial and told her that the only chance he had was for her not to come to court and that if she did not come, she could only be fined and that he would pay the fine. McCracken was not present during this conversation.

■ Both appellants questioned the sufficiency of the evidence to support their convictions. McCracken insists that the conviction of larceny cannot stand as to him, because he did not take the beer. The Trial Judge had previously instructed the jury not to consider the indictment with respect to the meat. In *Maxwell v. State*, 1 Tenn. Cr.App. 335, 441 S.W.2d 503, 504 (1969), Judge Walker, speaking for this Court, said:

". . . All who are present at the commission of a robbery, rendering it countenance and encouragement, ready to assist should the necessity arise, are liable as principal actors. To be criminally responsible, the accused need not have taken any money from the victim with his own hands, or actually participated in any other act of force or violence; it is sufficient if he was present, aiding and abetting, or ready and willing to aid if necessary. *Moody v. State*, 46 Tenn. 299; *Flippen v. State*, 211 Tenn. 507, 365 S.W.2d 895. By T.C.A. Sec. 39–109, aiders and abettors are deemed principal offenders and are punished as such."

There is no doubt that McCracken's conduct meets the requirements above. In fact, McCracken actively participated through his show of force and violent threat to Mrs. Rhoten.

■ Both appellants assail their conviction for petit larceny, stating that they did not commit any act upon which the jury could find them guilty of petit larceny. Larceny is a lesser included offense in the offense of robbery. *Throneberry v. Resolute Insurance Co.*, 206 Tenn. 216, 332 S.W.2d 227 (1960); *Laury v. State*, 187 Tenn. 391, 215 S.W.2d 797 (1948).

■ A jury verdict, approved by the Trial Judge, accredits the testimony of the witnesses supporting the verdict, resolves all conflicts of evidence in favor of the State, displaces the presumption of innocence and raises a presumption of guilt. We will not reverse on the facts unless it is shown by the appellants that the evidence preponderates against the verdict of guilty and in favor of their innocence. *Pryor v. State*, 217 Tenn. 695, 400 S.W.2d 700 (1966); *McBee v. State*, 213 Tenn. 15, 372 S.W.2d 173 (1963). We do not find that the evidence preponderates against the verdict of the jury and in favor of the innocence of appellants or either of them. These assignments are overruled.

■ Appellant, Hayden, complains of the action of the Trial Judge in overruling his Motion for a Severance. There is no such motion in the record and the only indication that such motion was made is the Order of the Trial Judge overruling it. The record does not reveal that any oral motion made by Hayden was supported by affidavit. The requirement that a Motion for a Severance be supported by affidavit is mandatory. *Hoskins v. State*, 489 S.W.2d 544 (Tenn. Cr.App.1972); *Mitchell v. State*, 92 Tenn. 668, 23 S.W. 68 (1893).

Hayden says that the evidence against McCracken as to his conduct after Hayden had left the store was prejudicial against him. The accredited evidence shows that the appellants were acting in concert in the commission of this offense.

■ A Motion for a Severance is addressed to the sound discretion of the Trial Court. The Trial Judge will not be put in error for failure to grant a severance unless it can be shown that the appellant was clearly prejudiced thereby. The test for determining whether one charged with a joint crime is entitled to a severance is whether he would be unfairly prejudiced in his defense by being put to a joint trial. *Hoskins v. State, supra; Hunter v. State*, 222 Tenn. 672, 440 S.W.2d 1 (1969). The evidence of McCracken's conduct at the

conclusion of this joint criminal act did not unfairly prejudice Hayden. This assignment is overruled.

■ In Hayden's third assignment of error, he complains that incompetent or prejudicial evidence was admitted at trial. This assignment gives us no indication as to what evidence he assails as being incompetent or prejudicial. Tennessee Supreme Court Rule 14(3), which has been adopted by this Court, requires that ". . . [w]hen the error alleged is to the admission or rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected, with citation of record where the evidence and ruling may be found". This Court will not review the entire Bill of Exceptions searching for incompetent and prejudicial evidence. The rule requires that litigants specify error.

■ We glean from appellant's argument, that he could have had reference to the evidence of the acts of McCracken after he, Hayden, had left the store. Hayden made no objection when this evidence was offered. It is mandatory that a litigant objects to incompetent evidence when offered so as to enable the Trial Judge to rule on its competency. If the appellant fails to do this, he has waived any objection that he might have. *Conboy v. State*, 2 Tenn.Cr. App. 535, 455 S.W.2d 605 (1970); *Floyd v. State*, 1 Tenn.Cr.App. 106, 430 S.W.2d 888 (1968). Hayden's Assignment III is overruled.

■ In his second Assignment of Error, McCracken contends that the Trial Judge erred in allowing testimony by Mrs. Rhoten that David Hayden asked her not to come to Court and offered to pay her fine for failing to appear. Appellant relies upon *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). *Bruton* is not applicable in this case. In that case, the Supreme Court of the United States held that where a confession of one co-defendant implicating a second co-defendant is introduced into evidence and the confessing defendant failed to testify, then the constitutional rights of the non-confessing defendant are violated as he has no opportunity to cross-examine the confessing defendant. This rule is not applicable when the confessing defendant testifies and the non-confessing defendant has an opportunity to cross-examine him.

■ In the case *sub judice*, the evidence of Hayden's effort to prevent Mrs. Rhoten from appearing as a witness, in no way implicates McCracken. It is not a confession, although it does carry an incriminating inference as to Hayden. Moreover, Hayden testified and McCracken had full opportunity to cross-examine him. This evidence was not prejudicial to McCracken. There is no merit in this assignment.

The judgment of the Criminal Court of Sullivan County is affirmed.

WALKER, P. J., and DUNCAN, J., concur.