**Billy REECE, Jr., Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

July 26, 1977.

Certiorari Denied by Supreme Court Sept. 26, 1977.

Ben W. Hooper, II, Newport, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, Al Schmutzer, Jr., Dist. Atty. Gen., Richard Vance, Asst. Dist. Atty. Gen., Sevierville, and William M. Leibrock, Asst. Dist. Atty. Gen., Newport, for appellee.

## OPINION

DWYER, Judge.

This appeal from a conviction for committing the offense of assault and battery with punishment of confinement for eleven months and twenty-nine days plus a fine of $1,000 is the aftermath of a melee which occurred on the parking lot of the Red Lantern Tavern located in Cocke County in the evening hours of July 26, 1976.

The appellant was sitting on the hood of the victim's car when the victim's wife came out of the tavern and asked him to get off the automobile. When the victim, Benny Banks, came outside he and the ap-

pellant "had words" which resulted in appellant striking Banks on the head with a pistol. This precipitated a general free-for-all among the friends of the appellant and the victim.

The victim Banks ended up in the hospital with gunshot wounds to his leg and ankle when the appellant shot at his feet as Banks was going to his car. The appellant suffered stab wounds which he related were inflicted upon him by Banks.

The appellant testified that he shot at Banks' feet because he was fearful that Banks was going to obtain a weapon from his car and that his firing was an act of self-defense.

■ First, the State has filed a motion to strike the bill of exceptions as not having been timely filed. This motion is overruled. The motion for a late bill of exceptions was sustained by Judge Duncan of this court by an order entered on January 21, 1977. With the bill being late due to a misunderstanding by the official court reporter as to the required filing date, we are in accord with Judge Duncan's order.

■ We think appellant's assertion that his act of shooting at the victim was done in self-defense raised a question for the jury. *Henley v. State,* Tenn.Cr.App., 520 S.W.2d 361, 363 (1974). The jury has by its verdict rejected that defense. We are in accord. With the victim relating that the appellant was the aggressor and shot him during the assault, the jury has accredited by its verdict the evidence presented by the State that the appellant unjustifiably shot the victim and thus committed an assault on his person. The burden is on the appellant to show that the evidence preponderates against his guilt and in favor of his innocence. *Sikes v. State,* Tenn., 524 S.W.2d 483 (1975). This he has not done. The evidence is sufficient to sustain the verdict. The assignments relating thereto are overruled.

■ The punishment being within the limits as prescribed by law, T.C.A. 39–105, it is not excessive. *Hoskins v. State,* Tenn. Cr.App., 489 S.W.2d 544 (1972). This assignment is overruled.

■ The appellant's next assignment claims error due to four "unwarranted" questions asked by the Attorney General during the cross-examination of appellant. (1) The prosecutor's question referring to a restaurant at which the appellant had been before the melee as being a "joint" did not affect the results. (2) With no objection to the State's cross-examination of appellant about smoking marijuana on his trips outside the tavern, there is no error. (3) The prosecutor asked if three of appellant's companions belonged to a motorcycle gang; no objection, no error. (4) When the appellant responded that he did not have the bloody shirt he wore that night, the prosecutor remarking, "You don't have that, oh." was not error. The control and scope of cross-examination is within the sound discretion of the court. *State v. Fowler,* 213 Tenn. 239, 373 S.W.2d 460 (1963). We find no abuse here. The assignment is overruled.

■ While we deplore the court answering notes sent by the jury after they had begun deliberations, *Brown v. State* (April 1977 at Knoxville, unreported) by Presiding Judge Walker, the trial court by calling the jury into the courtroom and amply recharging the jury cured any error. This assignment is overruled.

■ One of the notes sent by the jury asked the question that, if there was a variance wherein the victim was alleged in one part of the indictment to be Bernie and in another part to be Benny, could the case be thrown out. The question being one of law and not being raised before appellant entered his plea of not guilty, the court answering in the negative was not error. This and all other assignments being overruled, the judgment of the trial court is affirmed.

WALKER, P. J., and TATUM, J., concur.