895 F.2d 1412
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny L. EVANS, Petitioner-Appellant,
v.
Billy W. COMPTON, Warden, Respondent-Appellee.
 No. 89-5597.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1990.
 
 Before MERRITT, Chief Judge and KEITH and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This pro se Tennessee prisoner appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, Danny L. Evans was convicted of robbery with a deadly weapon and sentenced to a thirty year term of imprisonment. In his petition for federal habeas relief, Evans claimed insufficient evidence to support the conviction.
 
 
 3
 Upon review we conclude that the evidence was sufficient to support the conviction. See Jackson v. Virginia, 443 U.S. 307, 326 (1979). Under the standard of sufficiency announced in Jackson, the reviewing court considers the evidence in a light favorable to the prosecution and determines whether any reasonable trier of fact could find guilt beyond a reasonable doubt. 443 U.S. at 319. Circumstantial evidence may support the conviction, see Wiley v. Sowders, 669 F.2d 386, 390 (6th Cir.1982) (per curiam), and such evidence need not remove every reasonable hypothesis except that of guilt. See United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986).
 
 
 4
 Evans was charged as an aider and abettor in the armed robbery of a fried chicken restaurant. Under Tennessee law, an aider and abettor may be charged as a principal. Tenn.Code Ann. Sec. 39-1-303. An aider and abettor is one who is present and aiding or abetting or ready and willing to aid if necessary; he need not have taken money or property from the victim or actually participated in an act of force or violence. Maxwell v. State, 1 Tenn.Crim.App. 335, 441 S.W.2d 503 (1969).
 
 
 5
 Eyewitnesses testified that the robber ran to a getaway car and that the rear, passenger-side door was opened for him. Within minutes of the robbery, Evans and his two codefendants were stopped. They were in a car matching the description of the getaway car, a pistol matching that used by the robber was found in the glove compartment, and the rear seat passenger was identified as the perpetrator. Because circumstantial evidence suggests that Evans, a passenger in the front seat of the alleged getaway car, opened the door for the fleeing robber, a rational trier of fact could have found him guilty beyond a reasonable doubt of aiding and abetting in the armed robbery.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.