IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 20, 2008 Session

## LE TONIO SWADER v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Rutherford County**
**Nos. 54010, PCR 59683      James K. Clayton, Jr., Judge**

---

**No. M2008-01021-CCA-R3-PC - Filed October 7, 2009**

---

The petitioner, Le Tonio Swader, appeals the denial of post-conviction relief by the Rutherford County Circuit Court from his convictions for first degree felony murder; second degree murder, a Class A felony; attempted especially aggravated robbery, a Class B felony; and possession of a deadly weapon during the commission of an offense, a Class E felony. The murder convictions were merged. He was sentenced to a total effective sentence of life plus two years. He contends that the evidence was insufficient to sustain his convictions, which is not a proper post-conviction claim, and that he received ineffective assistance of counsel for which the petitioner has failed to carry his burden of proof. He also argues for the first time in this proceeding that his convictions amounted to double jeopardy. After careful review, we affirm the judgment from the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Dicken E. Kidwell and Luke A. Evans, Murfreesboro, Tennessee, for the appellant, Le Tonio Swader.

Robert E. Cooper, Jr., Attorney General and Reporter; Mary W. Francois, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Trevor H. Lynch, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case involves the shooting death of the victim, Kristen Holzapfel, while she was standing outside an apartment complex in Murfreesboro. There was no connection between the victim and the petitioner prior to the murder. The petitioner was walking around the victim's apartment complex and pointed a gun at the victim. The victim turned to run and was shot by the petitioner. The petitioner maintained that the shooting was an accident. This court affirmed the

defendant's convictions on direct appeal. *State v. Le Tonio Swader*, No. M2005-00185-CCA-R3-CD, 2006 Tenn. Crim. App. LEXIS 109 (Tenn. Crim. App. at Nashville, Feb. 6, 2006).

*Post-conviction hearing*

At the post-conviction hearing, the petitioner's trial counsel testified that he had eighteen years of experience. He testified that he did not represent the petitioner in juvenile court. He said that he was appointed to represent the petitioner and that he visited him in jail at least two times. Counsel reviewed discovery with the petitioner and met with him on other occasions surrounding court appearances. Counsel did not file any written motions in this matter. He testified that this was a strategic decision because the district attorney general agreed not to file a notice of enhancement if counsel would not seek a continuance to file written motions. On cross-examination, he explained that the State had provided him with witness statements and the tapes it intended to introduce. The State agreed to redact portions of the tapes that counsel thought were objectionable and agreed to allow him to make a motion to suppress the petitioner's statement orally.

Counsel said that he did not ask for a new mental evaluation to be done by the trial court because the petitioner had been found competent by the juvenile court. He did not have any reason to believe that the petitioner was incompetent. He said that he did not seek expert testimony because it was their position that the shooting was an accident.

The petitioner testified that the only time trial counsel came to visit him in jail was in the day before trial and that counsel spoke to him for only fifteen to twenty minutes. The petitioner testified that he did not recall authorizing counsel to make a plea agreement. He said that, if he had it to do over again, he would not have agreed to transfer to Circuit court. The petitioner acknowledged that he spoke with counsel at the courthouse for a few minutes at a time prior to court proceedings.

The petitioner testified that he did not feel informed about his case while it was pending. He said that counsel advised him to testify so he could explain what really happened but that counsel never told him he could decline to testify. He testified that counsel did not prepare him to testify.

During cross-examination, the petitioner acknowledged that an attorney other than his trial counsel entered the transfer agreement to Circuit court. He said that he only remembered one time that trial counsel visited him in jail. He relied on trial counsel to file any necessary motions and was unaware of any motions that should have been filed. The petitioner agreed that he pulled the trigger that killed the victim but that it was not done intentionally. He also agreed that his testimony was the only way he could show the trial court that he did not intend to shoot or rob the victim.

Analysis

First, the petitioner argues that the evidence was insufficient to sustain his conviction. However, the question of sufficiency was raised on direct appeal, and this court concluded the evidence was sufficient. *Swader*, 2006 Tenn. Crim. App. LEXIS 109, at *28. Regardless of the fact

that issue has previously been adjudicated, the question of sufficiency is not cognizable in a petition for post-conviction relief. Petitions for post-conviction relief "cannot be used as substitutes for direct appeals, or to test the sufficiency of the convicting evidence, or to relitigate matters of fact already put to rest upon the trial. Post-conviction petitions properly go only to constitutional rights' abridgements in the conviction process." *Sloan v. State*, 477 S.W.2d 219, 220 (Tenn. Crim. App. 1977). It is not necessary to examine this issue again.

Next, the petitioner contends that he received ineffective assistance of counsel. Because the defendant's brief does not separate the issues of sufficiency of the evidence and ineffective assistance of counsel, we are left to extract the specific assignments of error. It appears that the petitioner raises three issues of the effectiveness of trial counsel: (1) whether trial counsel was adequately prepared for trial; (2) whether trial counsel should have filed written motions prior to trial; and (3) whether trial counsel should have presented expert testimony.

In order to obtain post-conviction relief, a petitioner must demonstrate that his conviction or sentence is void or voidable because of the abridgement of a constitutional right. T.C.A. § 40-30-103 (2006). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f). Upon review, this court will not reweigh or reevaluate the evidence below. All questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). On appeal, the post-conviction court's findings of fact are entitled to substantial deference and are given the weight of a jury verdict. They are conclusive unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). A post-conviction court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457 (Tenn. 2001).

The Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee the right of a person accused of a crime to representation. A petitioner who challenges the effectiveness of counsel must satisfy a two-prong test and show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984); *State v. Melson*, 772 S.W.2d 417, 419 (Tenn. 1989). When a defendant seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996) (citing *Strickland v. Washington*, 466 U.S. at 687, 104 S. Ct. at 2064). The petitioner must establish both prongs of the test to succeed on his claim.

To satisfy the first prong, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (citing *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064). If the petitioner demonstrates that counsel's representation fell below a reasonable standard, he must also show that he was prejudiced by

counsel's errors. Specifically, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. The reasonable probability must be "sufficient to undermine confidence in the outcome." *Id.*

Here, the petitioner argues that trial counsel was not sufficiently prepared for trial. First, he argues that trial counsel failed to meet with the petitioner a sufficient number of times. The petitioner claims that trial counsel did not spend an adequate amount of time with him prior to trial; however, he fails to demonstrate that more frequent meetings would have produced a different outcome at trial. The petitioner acknowledged that he was responsible for shooting the victim but claims that it was an accident. The jury verdict reflects that they were persuaded to believe that the killing was not premeditated when the charge of first degree murder was rejected. Ultimately, the petitioner was convicted of first degree (felony) murder and second degree murder. The petitioner has failed to demonstrate that trial counsel was ineffective for failing to meet with him more often.

His second claim is that counsel was ineffective for failing to file any written motions prior to trial. During the post-conviction hearing, trial counsel testified that he did not file written motions as part of his strategy of negotiation. Trial counsel testified that he reached an agreement that secured the State's withdrawal of its notice of enhancement factors in exchange for not filing for a continuance prior to trial. During the post-conviction hearing, the defendant testified that he did not know which motions should have been filed but believed that written motions would have benefitted him at trial. The petitioner has not demonstrated that the outcome of trial would have been different if written motions to suppress , to have the petitioner evaluated, to change venue, or to receive funds for experts had been filed. Therefore, he is not entitled to relief on this issue.

Next, the petitioner argues that trial counsel should have hired an expert to testify at trial. However, the extent of the defendant's argument states: "The record is silent as to whether any expert witness, particularly regarding guns, was considered." This argument fails to meet the requirements of Tennessee Rule of Appellate Procedure 27 or Rule 10(b) of the Tennessee Court of Criminal Appeals and is, therefore, waived.

Next, the petitioner argues that his conviction for possession of a deadly weapon during the commission of an offense, along with first degree felony murder and attempted especially aggravated robbery, amounted to double jeopardy. The issue of double jeopardy has not been considered previously. The issue was not raised in the petition or amended petition filed in the post-conviction court. When a petitioner raises an issue for the first time on appeal, that issue is waived. *See Black v. Blount*, 938 S.W.2d 394, 403 (Tenn. 1996). The failure to present the double jeopardy claim for determination in a proceeding before a court of competent jurisdiction in which the claim could have been presented waives the claim for post-conviction purposes. Accordingly, the petitioner's double jeopardy claim in the case under submission is waived.

Conclusion

The issue of the sufficiency of the evidence is not properly considered in a petition for post-conviction relief, and the petitioner has not carried his burden of demonstrating that he received ineffective assistance of counsel. Further, the issue of double jeopardy has been waived for failure to raise the claim in a prior proceeding before a court of competent jurisdiction. Based on the foregoing and the record as a whole, we affirm the judgment from the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE