BUNDY *v.* STATE.

(*Knoxville*, September Term, 1939.)

Opinion filed May 18, 1940.

B. H. HAGEY, of Nashville, for plaintiff-in-error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Plaintiff in error, Odell Bundy, was convicted in the Criminal Court of Hamilton County of the crime of robbery and his punishment fixed at imprisonment in the state penitentiary for the period of five years. It appears from an order of the court that while plaintiff in error was on bond for his appearance before the Criminal Court of Hamilton County to answer the charge here in question that he was sentenced to the state penitentiary from Williamson County for another offense. He was

ordered returned from the penitentiary to Hamilton County for trial. The judgment of the trial court upon the verdict of the jury provided that the "sentence run consecutively to the sentence heretofore imposed on the defendant in Williamson County."

No bill of exceptions is filed and the two questions presented by the appeal are (1) whether or not the trial court had the authority under the law to enter a judgment upon conviction whereby the sentence imposed was ordered to run cumulatively with the sentence then being served by plaintiff in error, imposed by the Criminal Court of Williamson County, and (2) that the judgment is too uncertain and indefinite as to the time of its commencement.

(1) Section 11764 of the Code is as follows: "When any person has been convicted of two or more offenses, judgment shall be rendered on each conviction after the first, providing that the terms of imprisonment to which such person is sentenced shall run concurrently or cumulatively in the discretion of the trial judge; provided, that the exercise of the discretion of the trial judge shall be reviewable by the supreme court on appeal."

The above statute cannot be construed as prohibiting the imposition of a sentence to commence after the expiration of a sentence imposed by another court. The rule is well stated in 15 Am. Jur., section 470, page 126, as follows: "There is no doubt that a court may impose a sentence to commence upon the termination of another sentence imposed by another court unless a statute prohibits it. If a court exercising jurisdiction in criminal cases may lawfully impose a sentence to begin in the future on the expiration of a prior sentence, it can make no possible difference whether the prior sentence was imposed by the same or by some other court deriving its

power from the same authority. Jurisdiction to inflict cumulative punishment is dependent, not on the accident that the offender has been convicted twice or oftener before the same tribunal, but on the fact that distinct violations of the law have been committed by one individual whose malefactions merit separate and, therefore, cumulative penalties.''

The text is well supported by authorities. See Annotations, 5 A. L. R., 380, 53 A. L. R., 625, 4 Anno. Cas., 719. See, also; 16 C. J., 1370.

■ Our conclusion is that the trial court had the authority under the law to impose the sentence to commence upon the termination of the sentence thereafter imposed on plaintiff in error in Williamson County.

■ (2) There is no showing in the record that the sentence imposed on plaintiff in error by the court in Williamson County is not definite as to the time of imprisonment, or capable of ascertainment. But, whatever be the term of that imprisonment, the sentence in the instant case begins at its termination. Nor, do we think the judgment is too indefinite and uncertain to identify the judgment to which it was to consecutively run. The record shows that plaintiff in error was, at the time of the imposition of the judgment, confined in the state penitentiary under the Williamson County judgment. So, it is perfectly plain, we think, that no other or different Williamson County judgment could have been intended. The sentence reveals with fair certainty the intent of the court and excludes any serious misapprehension by those who must execute it. *Boyd* v. *Archer*, Warden, 9 Cir., 42 F. (2d), 43, 70 A. L. R., 1507.

The result is that all of the assignments of error are overruled and the judgment of the trial court is affirmed.