**Willie WOOTEN, Plaintiff in Error,**

**v.**

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Dec. 22, 1971.

Certiorari Denied by Supreme Court Feb. 22, 1972.

Hugh W. Stanton, Jr., Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Bart Durham, Asst. Atty. Gen., Nashville, James G. Hall, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

OLIVER, Judge.

Willie Wooten, indigent and represented by the Shelby County Public Defender duly appointed, an inmate of the State Penitentiary where he is serving a 10-year sentence for voluntary manslaughter adjudged in the Criminal Court of Shelby County in April of 1968 upon his plea of guilty while represented by the Public Defender, and a consecutive sentence of five years for robbery adjudged upon his guilty plea conviction in the Shelby County Criminal Court in June of 1969 while represented by the Public Defender, appeals to this Court from the judgment of that court dismissing his post-conviction petition without an evidentiary hearing.

The only question raised by his petition and urged upon us here is that the imposition of the consecutive robbery sentence constituted cruel and inhuman punishment in violation of his constitutional rights.

Wooten's petition makes no attack upon his guilty pleas and does not charge that either of his convictions or sentences is void or voidable because of abridgement of a right guaranteed by the State or Federal Constitution. Therefore, it states no ground for relief under the Post-Conviction Procedure Act. T.C.A. § 40–3805.

Whether sentences for two or more offenses of which an accused has been convicted shall be served concurrently or consecutively rests in the sound discretion of the trial judge. T.C.A. § 40–2711. This statute has met the approval of the Supreme Court of this State. Bundy v. State, 176 Tenn. 198, 140 S.W.2d 154. We hold that imposition of cumulative sentences when authorized by this statute does not constitute cruel and unusual punishment within the contemplation of the Eighth Amendment nor a violation of the accused's right of due process vouchsafed by the Fourteenth Amendment. In our view, it follows inexorably that T.C.A. § 40–2711 is not afflicted with any constitutional infirmity.

Moreover, the petitioner has overlooked the settled principle of law that the exercise of judicial discretion by a trial court is not reviewable by habeas corpus or post-conviction proceedings, at least unless such discretionary actions prejudicially trench upon constitutional rights of the accused. Janow v. State, Tenn.Cr.App., 470 S.W.2d 19.

The judgment of the trial court is affirmed.

WALKER, P. J., and MITCHELL, J., concur.