**Thetus HORNER, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Dec. 29, 1971.

Certiorari Denied by Supreme Court
April 17, 1972.

Jerry C. Colley, Columbia, and Emery B. Gill, Centerville, for plaintiff in error.

David M. Pack, Atty. Gen., J. B. Hagler, Jr., Asst. Atty. Gen., Nashville, J. Alonzo Bates, Dist. Atty. Gen., Centerville, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The question presented by this appeal in the nature of a writ of error is whether or not the trial judge abused his discretion by imposing this sentence consecutive to another one. We hold that he did not.

In two cases tried together by consent, the jury found the defendant, Thetus Horner, guilty of burglary in the third degree and fixed his punishment in each case at three years in the penitentiary. The trial judge reserved until the new trial motion the question of whether or not to impose the sentences concurrently or cumulatively. At that time he fixed the sentences consecutively or cumulatively. The defendant says he should have fixed them concurrently.

The defendant did not testify or offer any proof as to the facts of the case. By his only witness he presented evidence of his background, including the fact that he had been in military service, had spent a quarter in college, was on parole from federal court and had held a job about six months.

The offenses occurred on the same night or early morning of October 17, 1970. The defendant was apprehended by the sheriff and a constable in the store of one Dorris Turner. He had broken into the back door after attempting to enter the front door. The cash register was open and some change was missing.

The officers examined the trunk of the defendant's car and found 11 wristwatches, 26 cartons of cigarettes, ten boxes of .22 caliber rifle shells, six boxes of shotgun shells and five knives. The defendant told them that he obtained this merchandise from the Shady Grove Store earlier that night. The officers found that this store had been burglarized and these goods taken. The combinations had been knocked off two safes; some food stamps, a check and a driver's license also taken. One of the owners, Porter Baker, testified to the breaking and entering.

The Shady Grove burglary is the case on appeal, but the bill of exceptions reflects the facts in both cases on which the trial judge made his decision.

Although the offenses were committed the same night, the defendant committed distinct violations. By his action the trial judge determined that his malefactions merited separate and, therefore, cumulative penalties. See Bundy v. State, 176 Tenn. 198, 140 S.W.2d 154; Mitchell v. State, 92 Tenn. 668, 23 S.W. 68.

We find that the trial judge did not abuse his discretion here. See Jones v. State, 79 Tenn. 468.

The judgment is affirmed.

OLIVER and DWYER, JJ., concur.