IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1997 SESSION



**FILED**

**November 12, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | |
|---|---|
| TERRY PHELPS, | ) |
| | ) |
| APPELLANT, | ) |
| | ) No. 01-C-01-9610-CC-00451 |
| | ) |
| | ) Lincoln County |
| v. | ) |
| | ) Charles Lee, Judge |
| | ) |
| | ) (Post-Conviction Relief) |
| STATE OF TENNESSEE, | ) |
| | ) |
| APPELLEE. | ) |


FOR THE APPELLANT:

Terry Phelps, Pro Se
Unit 2A-127 Turney Center
Route 1
Only, TN

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Elizabeth B. Marney
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

W. Michael McCown
District Attorney General
P.O. Box 904
Fayetteville, TN 37334


OPINION FILED:_____


AFFIRMED


Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Terry Phelps (petitioner), appeals as of right from a judgment of the trial court summarily dismissing his action to "Modify, Correct, and/or Set Aside Illegally Impose[d] Sentence." The trial court dismissed this action because (1) it was barred by the statute of limitations, and (2) the issue was waived as it was not raised in a prior action for post-conviction relief.[1] In this court, the petitioner presents three issues for review. He contends (1) the trial court had jurisdiction to set aside or correct his illegal sentence, (2) the trial court erroneously treated his action as one for post-conviction relief and used the statute of limitations as a bar to granting relief, and (3) the trial court abused its discretion by ordering consecutive sentencing. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

The petitioner entered pleas of guilty to burglary first degree, armed robbery, and aggravated rape pursuant to a plea bargain agreement. The agreed sentences were ten (10) years for burglary first degree and twenty (20) years for both armed robbery and aggravated rape. It was further agreed that the sentences for burglary first degree and armed robbery would be served concurrently, but the sentence for aggravated rape would be served consecutively to the sentence for burglary first degree for an effective sentence of thirty (30) years. The judgment of the trial court was entered June 21, 1985. No direct appeal was taken from the judgment of the trial court.

The trial court correctly summarily dismissed the petitioner's action. The action was barred by the statute of limitations. The petition alleges a ground for post-conviction relief. Furthermore, the ground was waived because it was not raised and litigated in a prior post-conviction action. Moreover, there is no allegation contained in the petition which explains why the ground raised in the present action was not waived. There is no clerical error alleged in the petition. The sentences alleged in the petition were proper in all respects,

---

[1]See Terry Phelps v. State, Lincoln County No. 01-C-01-9201-CC-00011 (Tenn. Crim. App., Nashville, June 19, 1992). The only grounds raised were (1) the denial of the effective assistance of counsel and (2) a constitutional challenge to the guilty pleas entered by the petitioner.

and the petitioner agreed to these sentences.  Finally, the petitioner does not predicate his action upon a constitutional issue.  In the initial paragraph of his petition, it states the action is being brought pursuant to Tenn. Code Ann. § 39-5-702[2] and Rule 36, Tennessee Rules of Criminal Procedure.

It is a well-established rule of law that a post-conviction petitioner may not challenge a ruling of the trial court ordering multiple sentences to be served consecutively.  See Tenn. Code Ann. § 40-35-401(a); Wooten v. State, 477 S.W.2d 767 (Tenn. Crim. App. 1971), cert. denied (Tenn. 1972); Autry L. Liverman v. State, Sullivan County No. 877 (Tenn. Crim. App., Knoxville, January 31, 1990), per. app. denied (Tenn., April 2, 1990); Jackie D. Hatley v. State, Greene County No. 299 (Tenn. Crim. App., Knoxville, June 7, 1989); State v. Cornell Christian, Shelby County No. 91 (Tenn. Crim. App., Jackson, March 1, 1984).


_____
JOE B. JONES, PRESIDING JUDGE



CONCUR:


_____
WILLIAM M. BARKER, JUDGE


_____
JOE G. RILEY, JUDGE


_____

[2]This section, which dealt with rescues and escapes, was repealed in 1989.