## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

**DECEMBER 1998 SESSION**



**FILED**

**March 30, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **MATHIS MARTIN**, | * | No. 01C01-9801-CR-00013 |
| APPELLANT, | * | Davidson County |
| VS. | * | Honorable Seth Norman, Judge |
| **STATE OF TENNESSEE**, | * | (Petition for Writ of Habeas Corpus) |
| APPELLEE. | * | |

For Appellant:

Mathis Martin
MTCX Annex
7466 Centennial Boulevard
Nashville, TN  37209-1052

For Appellee:

John Knox Walkup
    Attorney General and Reporter
425 Fifth Avenue North
    Nashville, TN  37243-0493

Kim R. Helper
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

OPINION FILED:  _____

AFFIRMED

NORMA MCGEE OGLE, JUDGE

1

**OPINION**

On November 19, 1997, the petitioner, Mathis Martin, filed pro se a "Petition to Set Aside Guilty Plea, And/Or Alternative Writ of Habeas Corpus" in the Davidson County Criminal Court. On December 3, 1997, the trial court summarily dismissed the petition, finding no cognizable grounds for relief. On appeal, the petitioner challenges the trial court's dismissal of his petition without the appointment of counsel or an evidentiary hearing. Following a thorough review of the petition and the record, we affirm the judgment of the trial court.

In his petition, the petitioner alleged that he pled guilty in the Davidson County Criminal Court to two counts of armed robbery and one count of robbery on July 20, 1989.[1] According to the petitioner, a plea agreement provided for a sentence of fifteen years incarceration in the Tennessee Department of Correction for each count of armed robbery and eight years incarceration for the robbery conviction. The sentences were to be served concurrently with one another and consecutively to a sentence being served pursuant to a parole violation. Instead, the trial court ordered that the petitioner serve all his sentences consecutively. No appeal was taken.

In his petition requesting habeas corpus relief, the petitioner alleged for the first time the following grounds for relief:

> (1) The trial court failed to implement the sentencing arrangement set forth in the plea agreement, imposing consecutive instead of concurrent sentencing;
> (2) Because the petitioner's crimes occurred within a twenty-four

---

[1] We have no record of any proceedings occurring prior to these habeas corpus proceedings, including the judgment of conviction.

hour period of time, the trial court's imposition of consecutive sentencing was erroneous, and the resulting sentence constituted cruel and unusual punishment;

(3)     The trial court did not apply the Tennessee Criminal Sentencing Reform Act of 1989 in sentencing the petitioner;

(4)     The petitioner's counsel provided ineffective assistance including failing to advise the petitioner of his right to appeal his sentence, failing to adequately investigate his case before advising him to plead guilty, failing to advise the petitioner of his right against self-incrimination, assisting the police and prosecutor in obtaining information from the petitioner, and failing to ensure that the petitioner was competent to plead guilty;

(5)     The petitioner was not competent to plead guilty; moreover, his guilty plea was neither knowing nor voluntary;

(6)     There was no factual basis to his plea;

(7)     The State withheld exculpatory information;

(8)     The petitioner's convictions subjected him to double jeopardy;

(9)     The wording of his indictment rendered it void, and the Indictment was unsupported by the evidence;

(10)    The prosecutor selectively prosecuted the petitioner and otherwise engaged in prosecutorial misconduct;

(11)    The trial court did not possess venue.

The petitioner asked that he be permitted to withdraw his guilty plea, or, alternatively, that he be granted a "late Appeal."

Initially, we have previously observed that, under Tennessee law, a trial court may set aside the acceptance of a guilty plea in three different circumstances. State v. Lyons, No. 01C01-9508-CR-00263, 1997 WL 469501, at *5 (Tenn. Crim. App. at Nashville, August 15, 1997). Tenn. R. Crim. P. 32(f) governs two circumstances in which a defendant may withdraw a guilty plea before a judgment has become final. Id. at **5-6. In this case, the petitioner's judgment of conviction became final long before the filing of the instant petition.[2] After a

---

[2] See, e.g., State v. Hall, No. 02C01-9802-CR-00040, 1998 WL 545339, at *1 (Tenn. Crim. App. at Jackson, August 28, 1998)(following the petitioner's guilty plea, the judgment became final upon the waiver of his right to appeal); State v. Hooper, No. 03C01-9701-CR-00035, 1998 WL 95392, at *1 (Tenn. Crim. App. at Knoxville, March 6, 1998)(a judgment becomes final 30 days after it is entered

3

judgment becomes final, a defendant may then seek to have his guilty plea set aside in post-conviction proceedings. Lyons, No. 01C01-9508-CR-00263, 1997 WL 469501, at **5-6. The Post-Conviction Procedure Act also provides that, if a trial court finds that a petitioner was denied the right to an appeal from the original conviction in violation of the state and federal constitutions, the trial court may grant a "delayed appeal." See Tenn. Code Ann. § 40-30-213 (1997).

The court in this case could have treated this petition as a petition for post-conviction relief. Tenn. Code Ann. § 40-30-205(c) (1997). However, the record in this case clearly shows that the applicable three-year statute of limitation expired in 1992. Tenn. Code Ann. § 40-30-102 (1989). Moreover, the Post-Conviction Procedure Act of 1995 did not revive the petitioner's claims. Tenn. Code Ann. §40-30-201 to -222 (1997). See, e.g., Cox v. State, No. 02C01-9508-CR-00221, 1997 WL 284713, at *1 (Tenn. Crim. App. at Jackson, May 30, 1997)("[p]etitions barred by the statute of limitations contained in the 1986 Act may not be revived by filing under the amended act").

Habeas corpus proceedings provide a fourth context in which a petitioner may challenge a judgment of conviction or sentence stemming from a guilty plea. See, e.g. Dykes v. Compton, 978 S.W.2d 528 (Tenn. 1998). However, the procedural provisions pertaining to habeas corpus relief are mandatory and must be scrupulously followed. Villanueva v. Carlton, No. 03C01-9611-CR-00425, 1997 WL 607499, at *2 (Tenn. Crim. App. at Knoxville, October 3, 1997), perm. to appeal denied, concurring in results only, (Tenn. 1999). We note that the petitioner did not attach the judgment of conviction in his case to his petition for habeas corpus relief,

into the minutes of the court clerk).

4

as required by Tenn. Code Ann. § 29-21-107 (b)(2) (1997).  A trial court may dismiss a petition for failure to comply with this requirement.  State ex rel. Wood v. Johnson, 393 S.W.2d 135, 136 (Tenn. 1965).  Nevertheless, because the judgment is not critical to the disposition of this petition and in the interest of judicial economy, we will address the merits of the petitioner's appeal.

The Habeas Corpus Act requires a court to review the petition and dismiss it unless it alleges a cognizable ground for relief.  Tenn. Code Ann. §§ 29-21-101 to –109 (1997).  In other words, a petition for a writ of habeas corpus may be summarily dismissed by the trial court without appointment of counsel, without an evidentiary hearing, and without the opportunity to amend the petition, if the face of the petition does not present a cognizable claim.  Mitchell v. Carlton, No. 03C01-9704-CR-00125, 1998 WL 8505, at *2 (Tenn. Crim. App. at Knoxville, January 12, 1998).  See also Attaway v. State, No. 03C01-9703-CR-00100, 1998 WL 125563, at *3 (Tenn. Crim. App. at Knoxville, March 23, 1998).  Moreover, if the petition is inartfully drawn, the trial court is not required to appoint counsel.  There is no right to counsel in habeas corpus proceedings.  See  Ransom v. Myers, No. 01C01-9708-CC-00233, 1998 WL 748673, at *4 (Tenn. Crim. App. at Nashville, October 23, 1998); State v. Harris, No. 01C01-9309-CR-00304, 1994 WL 630504, at *1 (Tenn. Crim. App. at Nashville, November 10, 1994).

Thus, we must consider whether or not the petitioner has stated claims cognizable in habeas corpus proceedings.  The remedy of the writ of habeas corpus is limited to relief from void and not merely voidable judgments.  Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994); Donald v. State, No. 01C01-9710-CR-00481, 1998 WL 468646,

5

at *1 (Tenn. Crim. App. at Nashville, August 12, 1998), perm. to appeal denied, (Tenn. 1999). In other words, it must appear upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court was without jurisdiction or authority to convict or sentence a defendant, or that a defendant=s sentence of imprisonment has expired. Archer, 851 S.W.2d at 164; Ritchie v. State, No. 03C01-9601-CC-00029, 1998 WL 855517, at *2 (Tenn. Crim. App. at Knoxville, December 10, 1998). Additionally, if a claim would necessarily involve investigation beyond the face of the judgment or the record of the proceedings, the claim will not be cognizable in habeas corpus proceedings. See, e.g., Martin v. State, No. 02C01-9804-CC-00101, 1998 WL 467098, at *1 (Tenn. Crim. App. at Jackson, August 12, 1998).

We conclude that the petitioner failed to allege facts adequately demonstrating the void character of the proceedings which led to his confinement. McDowell v. Jones, No. 03C01-9707-CR-00278, 1998 WL 389065, at *1 (Tenn. Crim. App. at Knoxville, July 14, 1998). The petitioner first alleges that the trial court failed to implement the plea agreement between the petitioner and the State. It is unclear from the record and the petition whether the plea agreement at issue was binding or non-binding pursuant to Tenn. R. Crim. P. 11(e). Thus, it is unclear whether the petitioner is arguing that his counsel did not apprise him of the nature of his plea agreement or that the trial court did not afford the petitioner an opportunity to withdraw his plea pursuant to Rule 11(e)(4).[3]

---

[3] Normally, the petitioner's failure to provide an adequate record on appeal would preclude our consideration of this issue. However, we note that, in his Notice of Appeal, the petitioner requested that "all proceedings, records, and any hearing transcripts be certified to the Criminal Court of Appeals by this Court."

In any event, whether we characterize the petitioner's argument in terms of ineffective assistance of counsel, a challenge to the voluntary and knowing nature of his guilty plea, or a challenge to the trial court's compliance with Rule 11, the petitioner's claim renders the judgment voidable rather than void. We have previously observed that ineffective assistance of counsel is not a cognizable basis for habeas corpus relief. McCaslin v. State, No. 01C01-9611-CC-00480, 1998 WL 44919, at * 1 (Tenn. Crim. App. at Nashville), perm. to appeal denied, (Tenn. 1998); State v. Harris, No. 01C01-9309-CR-00304, 1994 WL 630504, at *1 (Tenn. Code Ann. At Nashville, November 10, 1994). See also Wooden v. State, No. 03C01-9303-CR-0069, 1993 WL 313643, at *2 (Tenn. Crim. App. at Knoxville, August 13, 1993)(the petitioner's complaint that the guilty plea judgment was constitutionally deficient because of ineffective assistance of counsel, even if true, would make the judgment merely voidable and not void). Similarly, challenges to the voluntary or knowing nature of a guilty plea can be made only by a petition for post-conviction relief. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). See also Neal v. State, 810 S.W.2d 131, 134 (Tenn. 1991)(failure of a trial court to give the full litany of Boykin rights rendered the judgment voidable rather than void). Additionally, to the extent that a trial court's compliance with Rule 11 is intended to ensure the voluntary and knowing nature of a guilty plea, a trial court's failure to comply with Rule 11 in accepting a guilty plea is properly addressed in post-conviction proceedings. See State v. Lord, 894 S.W.2d 312, 316 (Tenn. Crim. App. 1994)("the focus of the inquiry at a guilty plea hearing is on whether or not the plea is being voluntarily and intelligently made and the procedural requirements of Mackey and Rule 11 … insure that the record will show that such a plea occurs").

Second, the petitioner asserts that the trial court could not impose

consecutive sentencing, because his crimes occurred within a twenty-four hour period of time. Generally, a petitioner may challenge an illegal sentence in habeas corpus proceedings. Cupples v. State, No. 02C01-9511-CC-00333, 1996 WL 601730, at *1 (Tenn. Crim. App. at Jackson, October 22, 1996). See also State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). However, nothing in the law at the time of the petitioner's offenses precluded consecutive sentencing for offenses occurring within a twenty-four hour period. At the time of the appellant's offenses and at the time of his guilty plea and sentencing, consecutive sentencing was governed in part by our supreme court's decision in Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). In that case, the court rejected the petitioner's argument that

> in determining whether or not to sentence a defendant to consecutive sentences, the trial judge [wa]s required to take into consideration the fact that all of the offenses arose out of one single criminal episode or were inspired by the same general intent and minutely limited in both time and space.

Indeed, Tenn. Code Ann. § 40-35-210(e) (1988) explicitly eliminated the "single criminal episode" concept for purposes of imposing consecutive or concurrent sentences upon persistent offenders as provided by the supreme court. Therefore, we may also conclude that the mere fact that the petitioner's offenses occurred within a twenty-four hour period did not render his consecutive sentences cruel and unusual punishment. See Wooten v. State, 477 S.W.2d 767, 768 (Tenn. Crim. App. 1971)(imposition of cumulative sentence pursuant to a statute approved by the supreme court of this state did not constitute cruel and unusual punishment). See generally Holt v. McWherter, No. 01C01-9201-CR-00095, 1993 WL 207649, at *2 (Tenn. Crim. App. at Nashville, June 11, 1993)(sentence of life imprisonment for armed robbery did not constitute cruel and unusual punishment).

Third, the petitioner asserts that the 1989 Sentencing Reform Act was

8

in effect at the time of his guilty plea and sentencing in July, 1989. Therefore, he contends that his sentence is void, because the trial court failed to apply the 1989 Act in his case. Moreover, the petitioner states that, because he was not sentenced under the 1989 Act, (1) his confinement constitutes ex post facto punishment; (2) he was denied equal protection of the law; (3) he was denied due process of law; and (4) his sentence constitutes cruel and unusual punishment. Initially, implicit in the petition is the assumption that the petitioner would have received a lesser sentence under the 1989 Act.[4] Thus, the factual allegations of this case do not permit invocation of an ex post facto challenge. See, e.g., Yates v. Sundquist, No. 01C01-9707-CC-00299, 1998 WL 299290, at *2 (Tenn. Crim. App. at Nashville), perm. to appeal denied, (Tenn. 1998). Furthermore, the petitioner's assertion that the 1989 Act was in effect at the time of his guilty plea and sentencing is erroneous. Instead, the effective date of the Act was November 1, 1989, several months after the imposition of the petitioner's sentence. In State ex rel. Crum v. McWherter, No. 02C01-9108-CC-00181, 1992 WL 99029, at **3-4 (Tenn. Crim. App. at Jackson, May 13, 1992), our court held that the 1989 Act, by its own terms, does not apply to sentences imposed prior to the effective date of the Act, and that failure to apply the Act to those penalties does not violate equal protection principles. See also State ex rel. Jones v. McWherter, No. 01C01-9204-CR-00124, 1992 WL 335918, at *7 (Tenn. Crim. App. at Nashville, November 18, 1992); Simpson v. State, No. 01C01-9203-CR-00098, 1992 WL 335937, at *2 (Tenn. Crim. App. at Nashville, November 18, 1998). Additionally, this court has held that the failure to apply the 1989 Act to previously imposed sentences does not violate principles of due process. Barrett v.

---

[4] We note that, although the 1989 Act lowered and narrowed the broad ranges of punishment available for robbery and armed robbery, the petitioner's sentences are still within those ranges. Of course, we are unable to determine from the limited record before us the specific range that would have been applicable to this petitioner under the 1989 Act. In any event, as we subsequently conclude, the trial court applied the correct law in sentencing the petitioner.

9

State, No. 02C01-9508-CC-00233, 1997 WL 81658, at **3-4 (Tenn. Crim. App. at Jackson), perm. to appeal denied, (Tenn. 1997). Finally, assuming that the petitioner would have received a reduced penalty under the new Act, this fact alone does not render a sentence under the prior law disproportionate to the crime. Id. at *3. See also State ex rel. Jones, No. 01C01-9204-CR-00124, 1992 WL 335918, at *3.

The petitioner's remaining claims are similarly inappropriate for consideration in habeas corpus proceedings. A double jeopardy claim is not cognizable in a habeas corpus proceeding. Harvey v. State, No. 03C01-9510-CC-00307, 1996 WL 368208, at 1 (Tenn. Crim. App. at Knoxville, June 28, 1996). Also, because a guilty plea waives any argument concerning venue, venue in this case will not constitute a cognizable claim in a petition for habeas corpus relief. Ellis v. Carlton, No. 03C01-9711-CR-00493, 1998 WL 597140, at *2 (Tenn. Crim. App. at Knoxville, September 10, 1998), perm. to appeal denied, (Tenn. 1998). We additionally conclude that allegations concerning a possible violation of the rule set forth in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963),[5] and allegations of prosecutorial misconduct would require investigation of facts other than those contained on the face of the judgment or the record of the proceedings and, accordingly, are not cognizable in this case. Martin, No. 02C01-9804-CC-00101, 1998 WL 467098, at *1.

---

[5] An allegation of a Brady violation may, in some cases, toll the applicable statute of limitations for filing a petition for post-conviction relief. Armstrong v. State, No. 01C01-9311-CR-00403, 1994 WL 695424, at **3-4 (Tenn. Crim. App. at Nashville, December 8, 1994). However, in this case the petitioner alleged that the prosecutor withheld the following information:

> That the victims in this case at bar, being two women, one an X-Felon, were at a public area, plenty of street lights, and view by other people.

The appellant nowhere alleges that he himself was not aware of these facts at the time of his guilty plea or that these facts only came to light following the expiration of the applicable statute of limitations.

Finally, the petitioner alleges that the indictment was defective in his case. However, not all defects in an indictment are cognizable grounds for habeas corpus relief. See, e.g. Thompson v. Carlton, No. 03C01-9611-CR-00395, 1998 WL 19932, at **1-2 (Tenn. Crim. App. at Knoxville, January 22, 1998), perm. to appeal denied, (Tenn. 1998). The petitioner contends that the State's use of the word "unlawful" in the indictment rendered it void, because use of the word did "not comply to statute." We acknowledge that the applicable statute employs the term "felonious." Tenn. Code Ann. § 39-2-501(1988). However, the petitioner does not claim that the term "felonious" was omitted from the indictment, and we conclude that the insertion of the word "unlawful," without more, was insufficient to divest the trial court of jurisdiction over the petitioner's case.

For the foregoing reasons, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
JOSEPH M. TIPTON, Judge

11