# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 9, 2007

## RONALD HOWSE v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 03-3135-IV     Richard Dinkins, Chancellor**

---

**No. M2004-01497-COA-R3-CV - Filed on July 23, 3007**

---

In 1982, Appellant prisoner was sentenced to one twenty-five year determinate sentence and four five-to-ten-year indeterminate sentences, to run consecutively. In 2003, Appellant filed a declaratory judgment action in the Davidson County Chancery Court, alleging that he had been wrongfully denied the possibility of custodial parole. The trial court granted summary judgment in favor of Appellee the Tennessee Department of Correction. Appellant appeals such ruling. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

Ronald C. Howse, *pro se*.

Robert Cooper, Attorney General and Reporter; Michael Moore, Solicitor General; Jennifer L. Riley, Assistant Attorney General, for the appellee, Tennessee Department of Correction.

### MEMORANDUM OPINION[1]

#### I. FACTUAL BACKGROUND

On December 10, 1982, Ronald Howse ("Appellant") was convicted in a Davidson County Criminal Court of one count of second degree murder, carrying a twenty-five year sentence, and four counts of auto burglary, each carrying five-to-ten-year sentences. The second degree murder

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

sentence is classified as a Class X sentence and is determinate, while the four counts of auto burglary are indeterminate. All the sentences were to run consecutively. At the time of trial, Appellant was an inmate at Riverbend Maximum Security Institution in Nashville.

At the time of Appellant's sentencing, Tenn. Code Ann. § 40-20-110[2] stated the following in regard to parole:

> **40-20-110. Sentence for separate offenses - Parole considerations.**
> (a) If a person be sentenced for two (2) or more such separate offenses, sentence shall be pronounced for each offense, and imprisonment thereunder may equal, but shall not exceed, the total of the maximum terms provided by law for such offenses, which total shall, for the purpose of §§ 40-20-107 - 40-20-110, be construed as one (1) continuous term of imprisonment.
> (b) The department of correction shall notify the board of paroles when inmates sentenced to consecutive sentences which require custodial parole consideration, reach parole eligibility on their initial sentences. The board of paroles shall determine when the inmate will begin service of his consecutive sentence, provided, however, that no parole certificate shall be required and the inmate shall be heard for parole when eligible on his consecutive sentence. A bona fide offer of employment shall not be required for custodial parole.

Tenn. Code Ann. § 40-20-110. Further, Appellant alleges that at the time of sentencing, Tennessee Department of Correction ("Appellee") policy number 109.01 stated the following: "Custodial parole will be required if an offender has consecutive sentences involving a determinate sentence with a sentence date after July 31, 1978."[3] Finally, Appellant included with his Complaint for Declaratory Judgment a felony time computation worksheet used at a May 11, 2001 Tennessee Association of Criminal Defense Lawyers CLE. The portion relied upon by Appellant states the following:

> Any sentence (I or D) consecutive to a determinate sentence and final prior to 7-31-78 (Howell vs. Tennessee), will be aggregated/added together for a total sentence. Any sentence (I, D, X, J) consecutive to a determinate sentence and final after 7-31-78, will be held as unprocessed for custodial parole consideration. The consecutive sentence(s) will not be computed until the Board of Probation and Paroles considers the case and makes a decision as to when the consecutive sentence(s) will begin t[o] be served, or the offender reaches Mandatory Parole or Expiration of Sentence.

On April 11, 2003, Appellant petitioned Appellee for a declaratory ruling, requesting (1) that his sentence be calculated according to the law on consecutive sentences, including custodial parole,

---

[2] This section has since been slightly revised, but its effect remains the same.

[3] Although Appellant alleges that such a policy exists within the Tennessee Department of Correction, this Court could not locate the language cited by Appellant within any of the policies from the time of Appellant's sentencing.

(2) that the Board of Paroles ("BOP") be notified that he should have been considered for custodial parole on all of his consecutive sentences, and (3) that he be considered eligible for custodial parole at future parole hearings. Appellee refused to issue a declaratory order, and instead informed Appellant that his sentence calculations were correct. Appellant then filed a Declaratory Judgment action in the Davidson County Chancery Court on October 21, 2003, seeking a ruling on whether Appellee wrongfully failed to notify the BOP that he was eligible for custodial parole consideration. On March 18, 2004, Appellee filed a Motion for Summary Judgment. The Motion was accompanied by a memorandum of law in support of the Motion, as well as the affidavit of Roberta Anderson ("Anderson"), appearing in full below:

I, Roberta Anderson, being duly sworn do hereby testify as follows, based on knowledge, information and belief:

1. I am employed by the Tennessee Department of Correction in the Sentence Information Services section.

2. I have reviewed the sentence information regarding inmate Ronald Howse, Department of Correction #97749. A copy of the inmate's sentence information contained on TOMIS (Tennessee Offender Management Information System) and compiled by the Tennessee Department of Correction is attached as collective exhibit A hereto. Inmate Howse's sentence records show:

a. On December 10, 1982, inmate Howse received a twenty-five (25) year, Class X sentence for a Second Degree Murder offense in Davidson County criminal case number D0470--Cnt 002.

b. On December 10, 1982, inmate Howse received four five (5) to ten (10) year sentence[s] for Auto Burglary offenses in Davidson County criminal case numbers D0470--Cnt 003, D0470--Cnt 004, D0470--Cnt 005 and D0470--Cnt 006.

c. Mr. Howse is serving an overall sentence structure of 20 to 65 years. Custodial parole hearings were scheduled for old determinate sentences in a consecutive string. This does not apply to his sentence structure. Since he is serving a Class X sentence type and indeterminate types, he is ineligible for custodial parole but was eligible for parole hearings. Mr. Howse had a parole hearing on April 15, 1992 which was continued to December 7, 1992. He was declined parole consideration at that time.

d. Inmate Howse was next considered for parole consideration on September 23, 1997 at which time he was declined for parole.

e. Inmate Howse was next considered for parole consideration on September 5, 2002 at which time he was declined for parole, based on the seriousness of his offense.

f. Inmate Howse's next parole hearing is set for the year 2010.

g.    Inmate Howse's sentence for the Class X offense of Second Degree Murder expired on November 12, 2000.

h.    Inmate Howse's sentence expires for the remaining offenses in the year 2020.

FURTHER AFFIANT SAITH NOT.

On May 13, 2004, the trial court granted Appellee's Motion for Summary Judgment. Appellant appeals the single issue of whether the trial court properly denied his Petition for Declaratory Judgment.

## II. STANDARD OF REVIEW

According to Tennessee Rule of Civil Procedure 56, a party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The summary judgment standard, established by the Tennessee Supreme Court, is as follows:

> According to Rule 56.03, summary judgment is to be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." . . .
>
>   . . . .
>
> In determining whether or not a genuine issue of material fact exists for purposes of summary judgment, . . . the trial court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. Then, if there is a dispute as to any material fact or any doubt as to the conclusions to be drawn from that fact, the motion must be denied. . . .
>
>   . . . .
>
> At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. . . .
>
>   . . . .
>
> [T]he issues that lie at the heart of evaluating a summary judgment motion are: (1) whether a factual dispute exists; (2) whether the disputed fact is material to the outcome of the case; and (3) whether the disputed fact creates a genuine issue for trial.

*Byrd v. Hall*, 847 S.W.2d 208, 210-214 (Tenn.1993) (citations omitted).

This Court has stated the following in regard to the standard of review for summary judgment rulings:

> Summary judgments enjoy no presumption of correctness on appeal. *Penley v. Honda Motor Co.*, 31 S.W.3d 181, 183 (Tenn. 2000); *Burress v. Sanders*, 31 S.W.3d 259, 262 (Tenn. Ct. App. 2000). Accordingly, appellate courts must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Mason v. Seaton*, 942 S.W.2d 470, 472 (Tenn. 1997). We must consider the evidence in the light most favorable to the non-moving party, and we must resolve all inferences in the non-moving party's favor. *Memphis Hous. Auth. v. Thompson*, 38 S.W.3d 504, 507 (Tenn. 2001); *Terry v. Niblack*, 979 S.W.2d 583, 585 (Tenn. 1998); *Tamco Supply v. Pollard*, 37 S.W.3d 905, 908 (Tenn. Ct. App. 2000).

*Merrimack Mutual Fire Ins. Co. v. Batts*, 59 S.W.3d 142, 147 (Tenn.Ct.App.2001). "The standard of review for a trial court's grant of summary judgment is de novo with no presumption of correctness." *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn.2000). "No presumption of correctness attaches to the trial court's findings in a summary judgment case. . . . We should not affirm a summary judgment if any doubt or uncertainty exists with regard to the facts or the conclusions to be drawn from the facts." *Burgess v. Harley*, 934 S.W.2d 58, 62 (Tenn.Ct.App.1996) (citations omitted).

### III. ANALYSIS

Appellant maintains that Appellee failed to notify the BOP that Appellant was eligible for custodial parole under Tenn. Code Ann. § 40-20-110 and Tennessee Department of Correction policy number 109.01. Appellant alleges that the trial court denied his right to custodial parole consideration based upon Anderson's affidavit, stating that since Appellant had "flattened" his twenty-five year determinate sentence, his sentence no longer involved a determinate sentence.

In 1978, the Supreme Court of Tennessee decided the case of *Howell v. State*, 569 S.W.2d 428 (Tenn.1978). It should be noted that *Howell* applies only to cases involving consecutive determinate sentences, *Howell*, 569 S.W.2d at 430; *Slagle v. Reynolds*, 845 S.W.2d 167, 170 (Tenn.1992), and is very instrumental in understanding the concept of custodial parole. In February of 1974, Howell pled guilty to two charges of first degree murder and was sentenced to two life sentences. The Tennessee Supreme Court endorsed consecutive sentencing, stating:

> Parole, under our statutes, is nothing more than *a conditional suspension of sentence*. See *State ex rel. Neilson v. Harwood*, supra [183 Tenn. 567, 194 S.W.2d 448], for a full discussion of the question. *The sentence of the man does not expire because of the parole*, nor during the pendency of the parole. *He during this time is still in the custody* of the penal authorities of the State and subject to the provisions upon which he has been paroled. *State ex rel. Nicholson v. Bush*, 136 Tenn. 478, 190 S.W. 453. . . .
>
>    . . . .

We think the concept of consecutive sentencing, judiciously administered by trial judges and reviewed on a fair and meaningful basis by the appellate courts, is in the public interest. It is an established part of our system of criminal jurisprudence and has become a part of the public policy of our state, both by statutory and decisional law.

The theory of consecutive or cumulative sentencing is that where a criminal defendant has been convicted of two or more offenses, his malefactions may merit separate and cumulative penalties. *Bundy v. State*, 176 Tenn. 198, 140 S.W.2d 154 (1940).

*Howell*, 569 S.W.2d at 432-3.

The Court further analyzed as follows:

Our solution to this troublesome problem, wherein guidance is lacking and precedent is not conclusive, derives its validity from the fact that we deal with separate and distinct determinate sentences which the trial judge has specifically ordered to be served consecutively. Our solution is further founded in the established legal proposition that a parole does not terminate the sentence nor does it terminate custody. Parole normally terminates confinement, but the parolee continues in constructive custody until the expiration of the full term of his sentence.

It is our duty to harmonize these considerations with the purpose of consecutive sentences and to arrive at a solution that simultaneously respects the interest of the state and protects the rights of the defendant. In doing so we reiterate that the fact of separate convictions and separate sentences is a controlling consideration.

We hold that two consecutive determinate sentences of thirty-five years each are served thusly:

a. The first thirty five year sentence is served in 17 ½ full years, at the end of which the prisoner is *eligible* for regular parole. (§ 40-3612.)

b. When parole is granted or the first sentence is otherwise completed, the second sentence is commenced *without an intervening period of release*.

c. During the ensuing 17 ½ years, the prisoner simultaneously serves the first portion of his second sentence and, as a resident parolee, or cell-parolee, completes the remaining portion of his first sentence.

d. At the end of the second 17 ½ year period he is eligible for parole and release from physical custody.

Graphically, we reach these results:

17 ½ years                17 ½ years                17 ½ years

| IN PENITENTIARY ON FIRST SENTENCE | CELL PAROLEE ----------------------------- ON SECOND SENTENCE | ON PAROLE, SECOND SENTENCE |
|---|---|---|

*Howell*, 569 S.W.2d at 433.

*Howell* declared that Tenn. Code Ann. § 40-2710 or Tenn. Code Ann. § 40-20-110 before the current numbering system was in place, "has no application to determinate sentences." *Howell*, 569 S.W.2d at 431. In a similar case before this Court in 2005, the following analysis further supported the limitation of Tenn. Code Ann. § 40-20-110 to only indeterminate sentences:

> First, he makes reference to Tenn.Code Ann. § 40-20-110(b)(1) (2003), which requires the Department to notify the Board when a prisoner becomes eligible for consideration for custodial parole. However, Tenn.Code Ann. § 40-20-110(b)(1) applies only to prisoners who are serving two or more indeterminate sentences. Tenn.Code Ann. § 40-20-110(a); *Howell v. State*, 569 S.W.2d 428, 431 (Tenn.1978).

*Washington v. Tenn. Dep't of Corr.*, 2005 WL 309359, at *3 (Tenn.Ct.App. Feb. 8, 2005), 2005 Tenn. App. LEXIS 83, at *10-11 (Tenn.Ct.App. Feb. 8, 2005). Therefore, according to *Howell* and *Washington*, Appellant is not entitled to rely upon Tenn. Code Ann. § 40-20-110, as the section applies only to indeterminate sentences. The sentence Appellant seeks custodial parole from is a determinate sentence.

Appellant cites *Tenn. Op. Atty. Gen. No. 98-098*, 1998 WL 227249 (Tenn.A.G.) in support of his assertion that he is entitled to custodial parole. This opinion of the Attorney General dealt with a situation in which an offender served the first of two consecutive sentences and sought to have a retroactive custodial parole hearing under the first sentence. Assuming the analysis of the Attorney General to be correct, no relief can be afforded Appellant. The analysis of the Attorney General states:

> In the situation described in the request, an offender has been sentenced to two consecutive sentences. While serving the first sentence, we assume the offender would be eligible for parole and to earn sentence reduction credits based on good institutional behavior and/or satisfactory participation in assigned work, education or vocational training programs to reduce the offender's release eligibility and sentence expiration dates for that initial sentence. However, because the second sentence is for multiple rapes or child rape, the offender is not eligible for parole or sentence credits for the second consecutive sentence. The first sentence has expired. No custodial parole hearing was held for the first sentence and the offender has begun to serve the second consecutive sentence. If a retroactive custodial parole hearing were held and custodial parole granted, the date that the offender began to serve the second sentence would change.

The authority to make parole determination is vested exclusively in the Board of Paroles, and its discretion is broad. When an offender is serving consecutive sentences, the Board of Paroles can decide whether to release the offender on custodial parole, thus determining at what time the offender begins serving the second sentence. An offender granted custodial parole is not released in the community at that time but is afforded the opportunity to begin serving his consecutive sentence at an earlier date. Additionally, "the board has the authority to begin custodial parole effective on any date on or after the custodial parole eligibility date." There is nothing that limits the authority of the board to hold a custodial parole hearing after the expiration of the sentence. Because the board has such wide latitude over parole determination and by statute the board has the authority to begin custodial parole on any date after the custodial parole eligibility date, it is the opinion of this office that the Board has authority to hold a retroactive custodial parole hearing after the offender has served the entire sentence. Custodial parole, if granted, changes the date on which the offender begins to serve the second, consecutive sentence. Under no circumstances is the offender eligible for parole or sentence credits on the sentence the offender is serving pursuant to Tenn.Code Ann. § 39-13-523.

*Tenn. Op. Atty. Gen. No. 98-098*, 1998 WL 227249 (Tenn.A.G.).

Appellant does not assert that he is entitled to release from confinement when he has four consecutive five-to-ten-year auto burglary sentences yet to be served. He does not assert, nor does the Attorney General opine that Appellant is entitled to custodial parole, and it is clear that such a determination would be entirely discretionary with the Board of Paroles.

The judgment of the trial court granting the Motion for Summary Judgment is affirmed and costs assessed to Appellant.

_____
WILLIAM B. CAIN, JUDGE

-8-